23202. FERGUSON v. HUNT et al.

ARGUED NOVEMBER 9, 1965—DECIDED JANUARY 6, 1966—REHEARING DENIED FEBRUARY 2, 1966.

*Robert D. Engelhart,* for appellant.
*Mundy & Gammage, William W. Mundy,* for appellees.

ALMAND, Justice. This case is an appeal by the mother of a minor child whose custody by parties unrelated to the child was found not to be illegal as contended by the mother in her petition for the writ of habeas corpus.

Mrs. Louise Ferguson brought her petition for the writ against Mr. and Mrs. Charles E. Hunt in Polk Superior Court wherein she alleged: that she was the mother of Grace Long, six years old; that the child's father had deserted her and the child, and his whereabouts was unknown; that the defendants were in possession of the child under a purported order of the Juvenile Court of Floyd County, dated April 30, 1965, which order was illegal and void because the juvenile court had no jurisdiction of the child and because the purported order did not comply with the Juvenile Court Act of 1951, as amended. Ga. L. 1951, pp. 291, 303-305.

The defendants filed their demurrers, plea of res judicata and answer. The court sustained the plea of res judicata.

The record discloses the following facts: in June, 1961, the mother, while residing in Floyd County, filed a petition in the Floyd County Juvenile Court asking the court "to take the said Grace Elizabeth Long into its custody and provide care

and protection for her until such time as petitioner is able to provide someone to care for or board her"; on this petition the court entered an order of commitment of the child as being "a destitute and needy child"; in August, 1961, the mother was permitted by the court to take the child to Chicago; on November 22, 1961, she brought the child back to Floyd County and delivered its custody to the court; the court placed the child in the custody of the defendants, then residents of Floyd County, but subsequent to 1961 they moved to Polk County and they have had the custody of the child since that time.

On March 22, 1965, the defendants brought a petition in the Juvenile Court of Floyd County in which they sought complete legal custody of the child with full power to file a petition to adopt the child. The mother, Mrs. Louise Ferguson, was made a party and she was ordered to be served by mail as provided by *Code Ann.* § 24-2414. A hearing was held on this petition with the mother and her counsel present. On April 30, 1965, the judge of the juvenile court entered the following order: "After hearing the evidence in said matter and argument of counsel, it is hereby considered, ordered and adjudged that the interest of said child will best be served by allowing her to remain in the custody of the said Charles E. Hunt and Mrs. Betty M. Hunt and that the parental rights of the said Laura Louise Long Wirsman Ferguson be and they are hereby terminated and it is hereby considered, ordered and adjudged that the said Charles E. Hunt and Mrs. Betty M. Hunt may proceed to adopt said child at any time deemed advisable by them from this day forward."

The 1951 Juvenile Court Act (*Code Ann.* § 24-2408; Ga. L. 1951, pp. 291, 297; 1953, Nov. Sess., pp. 87, 89; 1955, p. 610; 1956, p. 603) sets out seven grounds upon which a juvenile court shall have original jurisdiction concerning any child under 17 years of age. *Code Ann.* § 24-2421 (Ga. L. 1951, pp. 291, 303) provides that when the court finds that a child comes within one of the grounds set out in *Code Ann.* § 24-2408, the court "shall so decree and its decree shall make a finding of the facts upon which the court exercises its jurisdiction over such child. Upon such decree the court may by order duly

entered proceed as follows: . . . (3) When conditions and circumstances warrant the termination of parental rights, the court may take custody of the child or children involved for suitable placement or adoption and may act in loco parentis in all matters pertaining to their interests. In such cases the court shall act as guardian of the person and property of the child or children involved." *Code Ann.* § 24-2421 (3) (Ga. L. 1951, pp. 291, 304). Where the order of the juvenile court taking custody, control and supervision of such minor child fails to show that it was by reason of one of the several grounds set out in *Code Ann.* § 24-2408, such order is void for want of jurisdiction. *Blood v. Earnest,* 217 Ga. 642 (1) (123 SE2d 913). The order which the appellees assert to be res judicata on their right to the custody of the minor child does not contain any finding of fact upon which the court exercised its jurisdiction. The record discloses that the mother had the legal custody of the child in 1961 when she left the child with the juvenile court on a temporary basis and there is no evidence in the record that since 1961 she has lost her right to its custody.

The Juvenile Court of Floyd County is a court of special and limited jurisdiction, and its judgments must show upon their face such facts as are necessary to give it jurisdiction of the person and the subject matter. *Gray v. McNeal,* 12 Ga. 424 (1). If such jurisdiction is not shown, such judgments are void. *Thompson v. Talmadge,* 201 Ga. 867 (41 SE2d 883); *Franklin County v. Crow,* 128 Ga. 458 (3) (57 SE 784). "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." *Code* § 110-709.

The judgment upon which the appellees solely rely to sustain their plea of res judicata being void on its face, the court erred in sustaining the plea. A judgment which is void for want of jurisdiction of the subject matter will not afford any basis for applying the doctrine of res judicata. *Langston v. Nash,* 192 Ga. 427, 430 (15 SE2d 481).

The court erred in sustaining the plea of res judicata.

*Judgment reversed. All the Justices concur.*