### 43718. POWELL v. GREGG.

HALL, Judge. This is a direct appeal from a judgment rendered in the Juvenile Court of Walker County. The appeal was transferred to this court by the Supreme Court. *Powell v. Gregg*, 224 Ga. 226 (161 SE2d 265).

1. The motion to dismiss the appeal is denied.

2. The trial court did not err in overruling the appellant's plea to the jurisdiction of the juvenile court. This case was commenced as provided by the Act (*Code Ann.* § 24-2411) by the filing of a petition in the Juvenile Court of Walker

County alleging that the named juvenile was in the county and was charged by criminal warrants with three specific counts of automobile larceny.

The record shows that the case was referred to a referee for a hearing in accordance with the Juvenile Court Act (*Code Ann.* § 24-2404) and that the referee made findings and recommendations that the child be committed to the Division for Children and Youth, Department of Family and Children Services, for care, supervision and planning, and be held in custody until such time as that agency might place him in a proper institution. The child requested a hearing by the judge as provided by the Act, *Code Ann.* § 24-2404. After a hearing de novo the judge entered an order finding the juvenile in a state of delinquency and committing him as recommended by the referee. Counsel for appellant argues that, because the juvenile had waived examination on the alleged charges and had been bound over on bond by the Justice of the Peace of Walker County to the superior court, the juvenile court had no authority to hear the petition.

The Act establishes juvenile courts with "original jurisdiction concerning any child under 17 years of age living or found within the county." *Code Ann.* §§ 24-2408, 24-2401. The juvenile courts have concurrent jurisdiction with other courts of the person of juveniles, but the subject matter of their jurisdiction is not the same. See *Code Ann.* §§ 24-2408, 24-2409, 24-2410, 24-2418, 24-2443. "No action taken against a child under the provisions of this Chapter shall be denominated as a criminal action nor an adjudication as a conviction; nor shall any child be charged with crime or convicted by any court, except as provided in this Chapter." *Code Ann.* § 24-2418. See *Jackson v. Balkcom*, 210 Ga. 412, 414 (80 SE2d 319).

The juvenile court did not purport to judge the juvenile's innocence or guilt or to sentence him for any violation of a criminal law.

Furthermore, since it does not appear that any warrant or commitment papers were forwarded to the superior court, that court did not acquire jurisdiction over the juvenile. *Code* § 27-420; *Sykes v. Southside Atlanta Bank*, 53 Ga. App. 450 (186 SE 464).

3. The trial court did not err in overruling the appellant's motion to strike and dismiss the petition. An allegation that

"Said child is charged with three counts of automobile larceny" is sufficient to bring the appellant within the jurisdictional provisions of the juvenile court as a child who is "alleged to have violated" a State law. Ga. L. 1951, pp. 291, 297, as amended (*Code Ann.* § 24-2408 (1)).

4. The trial court did not commit error in questioning the witnesses over the objection of counsel. Ga. L. 1951, pp. 291, 295, 303 (*Code Ann.* §§ 24-2404 (3) (4) and (5), 24-2420). The appellant contends in this court that the constitutional rights of the juvenile have been overlooked and impaired, but the record shows that these contentions were not made to the judge of the juvenile court.

5. The appellant contends that the juvenile court's judgment and order in this case is void. In *Ferguson v. Hunt*, 221 Ga. 728 (146 SE2d 756) the Supreme Court held that, a juvenile court being a court of special jurisdiction, its judgments must show upon their face, as required by the Juvenile Court Act (Ga. L. 1951, pp. 291, 303; *Code Ann.* § 24-2421) such facts as are necessary to give it jurisdiction of the person and subject matter, and if the judgment does not contain facts showing the court's jurisdiction, it is void.

The order of the court in this case recited only: "The court finds that the juvenile, Donald Powell, is in a state of delinquency under the evidence produced to the court." This does not comply with the Act and the *Ferguson* decision, supra.

For the reason stated in Division 5, the case will be remanded with direction that the court enter a new decree in compliance with the Juvenile Court Act. See *Woods v. State*, 117 Ga. App. 546, 552 (160 SE2d 922).

*Remanded with direction. Bell, P. J., and Quillian, J., concur.*

SUBMITTED JUNE 4, 1968—DECIDED JULY 3, 1968—
REHEARING DENIED JULY 30, 1968—

*Wade H. Leonard*, for appellant.

*Earl B. Self*, Solicitor General, *Arthur K. Bolton*, Attorney General, *Harold N. Hill, Jr., W. Wheeler Bryan*, Assistant Attorneys General, for appellee.