44094. ALLEN v. LADSON.

Eberhardt, Judge. Section 9 of the Juvenile Court Act (Ga. L. 1951, p. 291, as amended by Ga. L. 1968, pp. 1013, 1019; *Code Ann.* § 24-2408) provides:

"The juvenile court shall have original jurisdiction concerning

any child under seventeen (17) years of age living or found within the county: (1) Who is alleged to have violated or attempted to violate any federal, State or local law or municipal ordinance, regardless of where the violation occurred." Section 12 of the Act, as amended by Ga. L. 1968, pp. 1013, 1022, provides: "Any person having knowledge or information that a child is within the provisions of section 9 may file with the juvenile court a complaint stating the facts that bring such child within said provision. . . In all cases where a hearing is requested by the complainant or necessary from the facts, a verified petition stating the facts shall be filed. . . [In addition to other matters] the petition shall set forth, with specificity, the federal, State or local law or municipal ordinance alleged to have been violated or attempted to have been violated, either in the terms and language of the particular code, or so plainly that the nature of the offense charged may easily be understood by the child and his parents or guardian. In all petitions, other than those where a violation or attempted violation of a law or ordinance is alleged, the facts upon which the jurisdiction of the court is predicated shall be specifically set forth so plainly that same may be easily understood by the child and his parents or guardian. It is the intent and purpose of this provision that, in every case, the parties may be on notice as to the nature of the proceedings in order that they may have ample opportunity, prior to the hearing, to prepare a defense or reply, or to show a justification for the facts alleged."

Pursuant to these provisions William H. Ladson, Court Services Worker, filed a verified petition alleging that appellant was delinquent in that he was referred to the juvenile court by the solicitor general for disposition of an indictment charging him with burglary of a house. At the hearing no testimony was introduced showing appellant to be guilty of burglary as charged. Instead, a police officer and a Miss Gwinn, who lived in an apartment back of the house allegedly burglarized, testified as to an intrusion by appellant into Miss Gwinn's apartment the day after the burglary. Appellant's counsel objected to and moved to suppress this evidence and moved to dismiss the petition on the grounds that there was no evidence as to burglary of a house and that appellant was not charged in the petition with any offense in connec-

tion with the difficulty with Miss Gwinn in her apartment. The objections and motions were overruled and the juvenile court found appellant to be delinquent on the basis of the evidence concerning the episode with Miss Gwinn. Thereafter an order was entered reciting that appellant had made an unsatisfactory adjustment while on parole "by the commission of further delinquent acts," and it was therefore ordered that appellant be re-committed to the Division for Children and Youth, Department of Family and Children's Services. This appeal followed. *Held:*

The court erred in finding appellant to be delinquent. It was not pretended that there was any evidence to show appellant to be guilty of burglary of a house as charged; rather, the finding of delinquency was based upon the occurrence at Miss Gwinn's apartment, of which no mention was made in the petition. This constitutes a clear violation of Section 12 of the Juvenile Court Act, supra, which explicitly sets forth due process requirements in regard to notice of the charges. Compare In Re Gault, 387 U. S. 1, 31 (87 SC 1428, 18 LE2d 527). And see Stubbs, "The Juvenile Court Act of 1968," 5 Ga. State B. J. 219, 223. *Powell v. Gregg,* 118 Ga. App. 225 (163 SE2d 251) is not authority for the proposition that one set of facts may be alleged in the petition to establish jurisdiction of the Juvenile Court, and then a totally different set of facts, of which no notice has been given, used to establish delinquency. Hence, the order re-committing appellant to the Division for Children and Youth must be

*Reversed. Bell, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 8, 1969—DECIDED JANUARY 15, 1969.

*Ralph J. Baldwin,* for appellant.
*John W. Sognier,* for appellee.