*Richard W. Best,* for appellants.
*Wall & Campbell, Alford Wall,* for appellee.

## 45728. BAKER v. BAKER.

EBERHARDT, Judge. In a divorce proceeding in Dade County, Florida, the mother of two young children was awarded their custody, with the assent of the father, and the father was ordered to make monthly support payments for them. He now brings a petition in the Juvenile Court of Dougherty County seeking to obtain custody so that he may place the children in the home of his mother. He alleges that the children are not being properly cared for and that because of conditions in the home their health and welfare is endangered. After a hearing on the petition the court entered an order reciting that the petition had been filed charging that the children were in a state of neglect, that pursuant to a request from the court the Department of Family and Children Services had made an investigation of the matter and "had made a report to the court relative to the charges in the petition. Jurisdiction of the matter is taken, custody of the above-named children is assumed by this court, according to the authority given in § 24-2408 of the Juvenile Court Act of 1951, as amended through 1968.

"It is therefore ordered and adjudged that Mr. John William Baker, Jr. (father-petitioner) be and he is hereby given permission of this court to return Brian Kenneth Baker and Melissa Karen Baker with him to his home, 1376 Normandy Drive, Miami Beach, Florida 33141, and

"Be it further ordered and adjudged that since the divorce was obtained in Dade County, Florida, and that court retained juris-

diction of any change of custody, Mr. John William Baker, Jr., be and he is hereby allowed to petition that Honorable Court for determination of their permanent custody." The order was then amended to provide that custody of the children remain in the court pending an appeal by the mother. From these orders she appeals. *Held:*

The juvenile court is a court of limited jurisdiction, and it must affirmatively appear upon the face of its order taking jurisdiction of minor children the ground for so doing, and, as well a finding of facts which supports its exercise of jurisdiction over the children. *Blood v. Earnest,* 217 Ga. 642 (123 SE2d 913); *Ferguson v. Hunt,* 221 Ga. 728 (146 SE2d 756); *Bosson v. Bosson,* 223 Ga. 259 (154 SE2d 364). But see *Powell v. Gregg,* 118 Ga. App. 225 (163 SE2d 251). Failure to recite the jurisdictional facts renders the order or judgment void.

Moreover, the evidence submitted at the hearing, including the admissible portions of a report from the Department of Family and Children Services, falls far short of showing that the children were in a state of neglect. While it indicated that she is somewhat lacking in what is generally regarded as good housekeeping, and that because she works on a job at night—apparently preferring that to the seeking or acceptance of welfare aid—and finds it necessary to place the children in the home of a neighbor who keeps them from the time that she goes to work until about noon the following day when she gets them and takes them home, that although in apparent general good health the children frequently have colds in the winter, that the mother does have dates with men causing her grandfather to be suspicious of her morals—though no immoral conduct was shown, this does not amount to such a showing of neglect by the mother as to justify removing the children from her custody.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*
Submitted October 6, 1970—Decided October 14, 1970.

*Wingate, Bartlett & Hayes, Fred E. Bartlett, Jr.,* for appellant.
*Smith, Gardner, Wiggins, Geer & Brimberry, Charles F. Hatcher,* for appellee.