## 48089. MURRAY v. TAYLOR et al.

BELL, Chief Judge.

1. In *Murray v. Taylor,* 130 Ga. App. 129 (202 SE2d 512) we held that the South Carolina statute of limitation controlled this suit for wrongful death which allegedly occurred in South Carolina. The Supreme Court reversed and held that the Georgia statute applied to this case. *Taylor v. Murray,* 231 Ga. 852 (204 SE2d 747).

2. The decision of the Supreme Court necessitates that we pass upon an additional issue. The complaint which alleged that plaintiff's husband was wrongfully killed on July 4, 1969, was served on the defendants on March 15, 1972, more than two years after the claim arose. The plaintiff contends that our renewal statute, Code § 3-808, will prevent the bar of the two-year Georgia statute of limitation. Plaintiff bases this contention on the fact that she in her individual capacity and as administratrix of her husband's estate filed the same action in November, 1970 against the defendants, which suit was dismissed on January 13, 1972; and that the suit was recommenced within the six months period prescribed by Code Ann. § 3-808. The renewal statute does not apply to void suits. *Cutliffe v. Pryse,* 187 Ga. 51 (200 SE 124). Mrs. Murray's prior action was void. An action under the wrongful death statute of South Carolina must be brought by or in the name of the legally appointed administrator or executor of the deceased person. S. C. Code § 10-1952. It has been shown without dispute that plaintiff has never been appointed administratrix of her husband's estate and was not

appointed executrix until February 12, 1972, more than two years after the date of death. Therefore, she had no legal capacity to institute a wrongful death action until the last date at which time the two year period of limitation barred the claim. Defendants' motion for summary judgment was properly granted.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

DECIDED APRIL 30, 1974.

*Smith & Millikan, Harmon T. Smith, Jr., Gammon & Anderson, Joseph N. Anderson,* for appellant.

*Gross, Stowe & Shepherd, Millard B. Shepherd, Jr., McClure, Ramsay & Struble, Robert B. Struble,* for appellees.