## 57978. WILLIAMS v. DEPARTMENT OF HUMAN RESOURCES.

BIRDSONG, Judge.

This is an appeal from the order of the Juvenile Court of Montgomery County terminating the parental rights of the appellant father to his three children. *Held:*

1. The juvenile court in its order made findings of fact and concluded as a matter of law that the children were deprived. This order however contains no factual findings concerning venue and jurisdiction over the person of the appellant. A juvenile court is a court of special and limited jurisdiction, and its judgments must show on their face such facts as are necessary to give it jurisdiction of the person and subject matter. *Parker v. Parker,* 229 Ga. 496 (192 SE2d 341); *Ferguson v. Hunt,* 221 Ga. 728, 730 (146 SE2d 756). If the order of a juvenile court fails to recite the jurisdictional facts, the judgment is void. *Bosson v. Bosson,* 223 Ga. 259 (1) (154 SE2d 364). In *Quire v. Clayton County Dept. of Family &c. Services,* 242 Ga. 85 (249 SE2d 538), the Supreme Court held that the general venue provisions of the Georgia Constitution (Code Ann. § 2-4306) apply in a proceeding involving termination of parental rights. The latter cited portion of our Constitution grants to a parent the right to defend such a suit in the county in which the parent resides. The court here made a finding of fact that appellant-defendant was convicted in the Montgomery County Superior Court of the crime of rape and was sentenced to ten years and is now serving that sentence "at the state prison in Reidsville." We judicially recognize that Reidsville is in Tattnall County. *Davis v. State,* 66 Ga. App. 214 (17 SE2d 554). A convict does not acquire a residence in the county where he has been involuntarily placed to serve a sentence to confinement. *Scott v. Scott,* 192 Ga. 370 (15 SE2d 416). Nonetheless, the fact that the appellant was convicted in the Montgomery County Superior Court fails to show that his residence was in that county as ". . . all criminal cases shall be tried in the county where the crime was committed. . ." Code Ann. § 2-4306. Accordingly, while the face of the order factually shows subject matter jurisdiction under Code § 24A-3201 (a), there is a

complete lack of factual findings in the order showing that defendant was a resident of Montgomery County which gave the juvenile court jurisdiction over the person of defendant-appellant. This defect under the above cited decision of the Supreme Court renders the order in this case void. We reverse solely because of this error.

2. These children prior to this proceeding had been placed in the custody of appellee-department. The appellee was represented by counsel. This also constituted representation by counsel on behalf of the children as required by Code § 24A-2001.

3. Prior orders of the juvenile court dated in 1971 and 1973 placed the children in foster care. These orders were not renewed and were terminated two years after entry pursuant to Code § 24A-2701 (c). These orders and their expiration would not affect the jurisdiction of a juvenile court in a *parental rights termination* proceeding under Code § 24A-3201.

4. As we reverse because of the void order, we need not pass on the sufficiency of the evidence to authorize the other findings of fact and the conclusions of law that the children were deprived.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JUNE 11, 1979 — DECIDED
JULY 6, 1979.

J. Clayton Burke, Jr., for appellant.

*James E. Boyers, Jr., Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellee.