## 60438. BUICE v. SATELLITE SECURITY CORPORATION et al.

DEEN, Chief Judge.

1. Judicial cognizance may be taken of the location of incorporated cities of this state, and we therefore note that the municipality of College Park, Georgia, is partly in Fulton and partly in Clayton Counties. *Perry v. State,* 113 Ga. 936, 938 (39 SE 315) (1901). But judicial notice of the location of streets within the municipality cannot be taken. *Johnson v. City of Atlanta,* 70 Ga. App. 473 (28 SE2d 580) (1944). An allegation in a petition that the defendant is a Georgia corporation with its principal office located at 510 Plaza Drive, College Park, Georgia, does not designate the county in which the corporation maintains its office where College Park lies in both Fulton and Clayton Counties. In none of the three complaints dealt with here does it appear on the face of the petition that venue is improper.

2. "Where the plaintiff begins an action in a court of this State having jurisdiction of the subject-matter, and, after the bar of the statute has attached, the same is dismissed because of a ruling indicating that the court has no jurisdiction of the person, such action may be renewed within six months in another court of this State, having jurisdiction of the person and the subject-matter." *Atlanta, K. & N. R. Co. v. Wilson,* 119 Ga. 781 (5) (47 SE 366) (1904); *Keramidas v. Dept. of Human Resources,* 147 Ga. App. 820, 821 (250 SE2d 560) (1978) et cit.

3. The present action involves a personal injury tort allegedly committed by the defendant Satellite Security Corp. and two foreign corporations named as co-defendants in Henry County on March 15, 1976. The first action was filed in Fulton County December 28, 1977, alleged that the appellee defendant had its principal office at 510 Plaza Drive, College Park, and made no mention either of the date of incorporation or registration of its agent with the Secretary of State. The complaint was voluntarily dismissed October 18, 1978, after the two-year statute of limitation had run, and was refiled, with precisely the same allegations, on March 19, 1979, in the Superior Court of Clayton County. That action was dismissed and the third action was filed in Fulton Superior Court on May 8, 1979. This last suit alleges that Satellite Security Corp. has a principal office located at 171 Cleveland Ave., S. W., Atlanta, Ga., and its registered agent, Laura Sgubin, may be served there. The defendant moved for and obtained a summary judgment on the basis that the privilege of voluntarily dismissing and refiling an action after the statute of limitations has run may be exercised only once. Code §§ 3-808; 81A-141 (a). We

affirm.

The appellant has urged this court to hold that the second, or Clayton County, suit was a complete nullity in that the defendant had no registered agent in Clayton County (although the petition alleged to the contrary) and that therefore the third suit, filed within six months of the dismissal of the first action, should be considered as the only renewal action. It bases this conclusion on the statements in *Murray v. Taylor,* 131 Ga. App. 697 (206 SE2d 643) (1974) and *Cutliffe v. Pryse,* 187 Ga. 51 (200 SE 124) (1938) that the renewal statute, Code § 3-808, does not apply to void suits, and on the corporation venue statute, Code § 22-404, construed in *Davenport v. Petroleum Delivery Serv.,* 235 Ga. 116 (218 SE2d 848) (1975) to require that, as to corporations formed after the Corporation Act of 1968, tort actions must be filed either in the county where the corporate agent is registered or, under certain circumstances, in the county where the tort is committed. *Davenport* is authority for the conclusion that the Clayton County suit could not have continued over the defendant's objection (although the facts supporting this conclusion did not appear in the complaint) but *Davenport* does not involve the question of whether the action could thereafter have been brought again. The mere fact that a recovery may not have been authorized under the dismissed action will not render the suit void where the trial court has jurisdiction of the cause of action. *Birmingham Fire Ins. Co. v. Commercial Transport,* 224 Ga. 203, 204 (160 SE2d 898) (1968). If, after the defendant files a plea to the jurisdiction, the plaintiff dismisses and rebrings the action in a proper county within six months, the statute of limitation is tolled. *Chance v. Planters Rural Tel. Coop.,* 219 Ga. 1 (131 SE2d 541) (1963). It follows that where an action brought in a proper county is dismissed and the case rebrought in an improper county, this is a renewal of the original action, and the case may not thereafter be again dismissed and brought for the third time. The trial court properly granted the defendant's motion for summary judgment.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED OCTOBER 21, 1980 —
REHEARING DENIED NOVEMBER 7, 1980 —

C. Lawrence Jewett, Byrd Garland, Monroe J. Feldman, for appellant.

Ronald D. Reemsnyder, Douglas Dennis, Joseph W. Crooks,

for appellees.