## 64312 PORTER v. THE STATE.

BIRDSONG, Judge.

James A. Porter was convicted of aggravated assault and criminal interference with government property. He was sentenced to ten years for the assault and five years for the interference with government property with one year to be served on each, concurrently, and the remainder on probation, also concurrent. Porter raises three enumerations in his appeal from the guilty verdict and sentence. *Held:*

Porter was present in an American Legion Club at Americus as was the victim of the aggravated assault. Porter was intoxicated and got into an argument with the victim, Poole. The jury was warranted in concluding that during the argument Porter extracted a knife from his pocket and made a "swipe" at Poole. Due to the fortuitous intervention of a relative of Poole, Poole was not injured though the relative suffered a cut on his hand. This same relative put a "hammer lock" on Porter and subdued Porter long enough for a passing police officer to enter the club and place Porter under arrest, handcuff him because of continuing resistance and place him in a patrol car. Once inside the back seat of the patrol car, Porter lay back on the back seat and kicked at the door with sufficient force to spring the hinges and dent the frame of the door so that it would not close properly. Porter was charged with criminal damage to property in the second degree, but the state failed to establish the value of the amount of damages.

The trial court directed the jury it could not return a verdict of criminal damage (Code Ann. § 26-1502) (a)) but submitted as a lesser offense the crime of criminal interference with government property in violation of Code Ann. § 26-2613.

1. In his first and third enumerations of error Porter argues the trial court erred in failing to direct a verdict of acquittal for failure to prove the damage to the police car amounted to more than $100 (first enumeration) and authorizing the jury to consider the crime of criminal interference with government property as a lesser offense (third enumeration).

Pretermitting the question of whether appellant can raise on appeal to a charge given by the court where at trial he expressly stated, in response to a question by the court, that he had no objections or exceptions (See *White v. State,* 243 Ga. 250 (253 SE2d 694)), we will address the issue of whether the jury's finding of the lesser offense was error.

In discussing the propriety of the lesser offense, we observe the elements of the crime of criminal damage to property (Code Ann. § 26-1502 (a)) are that a person (1) intentionally (2) damages any property (3) of another (4) without his consent and (5) the damage exceeds $100. The elements of criminal interference with government property (Code Ann. § 26-2613) are that a person (1) damages (2) government property (irrespective of value). It is clear that Code Ann. § 26-2613 is similar to Code Ann. § 26-1502 insofar as each requires property not belonging to the defendant be intentionally (i.e., criminally) damaged. However, when one considers the differing gravamens of these two offenses, the object of the crime and resulting punishment involved in Code Ann. § 26-1502 is the intentional damage to property belonging to another amounting to more than $100, with the amount of damage being an essential element. The gravamen of Code Ann. § 26-2613 is the intentional damage of government property. Thus, the difference appears to be the value of the damage to the property in Code Ann. § 26-1502 and in Code Ann. § 26-2613 the ownership of the property (irrespective of value) in the government. We are not here concerned with what the evidence showed but what the indictment alleged (or failed to allege) for indictments are not deemed amended to conform to the evidence. *Tuggle v. State,* 145 Ga. App. 603, 605 (244 SE2d 131); *Gentry v. State,* 63 Ga. App. 275 (11 SE2d 39). As to Code Ann. § 26-1502 the state had to prove ownership in some person other than Porter and intentional damage exceeding $100. That the owner may have been a governmental agency would have been incidental. On the other hand as to Code Ann. § 26-2613, the state had to prove governmental ownership as well as intentional damage irrespective of value. In this

case the state never asserted its concern for the governmental attributes of the police car, did not assert interference with governmental property as such, and did not seek to establish ownership other than that the car was used by the City of Americus as a police car. To the contrary, the allegation sought only to assert wilful damage to a car not belonging to Porter, such damage amounting to more than $100.

To warrant conviction of a lesser offense on an indictment or information charging a greater offense, it is essential that the allegations describing the greater offense contain all the essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser. *Gearin v. State,* 127 Ga. App. 811 (1) (195 SE2d 211). Conspicuously missing from the greater (or related) offense of criminal damage to property is any necessity of proving the governmental nature of ownership of the damaged property. The nature of the ownership in criminal damage to property as heretofore noted is purely incidental, so long as it does not belong to the defendant. It is clear that the averments in the crime of criminal damage do not give rise to averments of governmental ownership required in interference with governmental property. Based upon the foregoing, we must conclude that the trial court erred in allowing the jury to return a verdict of guilty of a crime not included within the crime charged. Likewise for the same reasons, we conclude the trial court erred in failing to direct a verdict of acquittal where there was no competent evidence of value of damages in excess of $100, an essential element of the indicted crime.

2. In his second enumeration, Porter complains the trial court erred in not granting a mistrial when the prosecutor sought to inquire into past indiscretions of the law by the appellant. There was an immediate objection to the question and while appellant answered by referring to some activity as a juvenile, there was no indication what that indiscretion might have been or the result thereof. The trial court promptly sustained the objection, reprimanded the state's counsel and admonished the jury to disregard the question and any implications arising therefrom.

Where a motion for mistrial is made on the ground of inadmissible evidence illegally sought to be placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion and where timely and proper corrective measures are taken and the evidence innocuous or equivocal, normally this court will find no abuse of discretion in denying a motion for mistrial. *Osteen v. State,* 83 Ga. App. 378, 381 (63 SE2d 692). Under the facts of this case, we cannot conclude that a ruling in favor of a mistrial was demanded or warranted. *Lenear v. State,* 239

Ga. 617, 619 (12, 13) (238 SE2d 407). We find no merit to this enumeration.

3. In view of our conclusions in Division 1, the conviction and sentence as to Count 2 of the indictment may not be sustained. The conviction thereto therefore is reversed. However, we find no error as to the conviction of aggravated assault alleged in Count 1. The case is remanded to the trial court for reconsideration of the sentence in accordance with the holding of this decision.

*Judgment reversed in part and case remanded with direction. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*Thomas R. McFarland,* for appellant.

James A. Porter, *pro se.*

*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney,* for appellee.