68717. THOMPSON v. THE STATE.
(324 SE2d 208)

BENHAM, Judge.

Appellant was tried and convicted by a jury of two counts of violating the Georgia Controlled Substances Act by possessing heroin and cocaine with intent to distribute. OCGA § 16-13-30. His appeal raises two enumerations of error, both of which we find to be without merit.

1. Appellant claims that the trial court erred in failing to establish on the record that he made a valid choice to proceed to trial pro se. The record shows that prior to trial appellant announced to the court that he would be better off representing himself because his attorney was "constantly reminding" him of what could happen. Appellant stated that he was aware of what was going on and of what he was doing. The court said it would allow appellant to represent himself but wanted appellant's counsel to sit with him to be available for consultation. Appellant agreed and wanted to know how much longer he would have to wait for the case to be tried. He did not express a desire to have the case continued or to retain other counsel. Under these circumstances we find no error was committed. See *Mock v. State*, 163 Ga. App. 320 (293 SE2d 525) (1982). Compare *Robertson v. State*, 162 Ga. App. 873 (293 SE2d 477) (1982).

2. While cross-examining appellant, the prosecuting attorney asked him, "Isn't it a fact that you knew that Grady Daniels is a heroin addict and you were using him as a stool pigeon because you are a smart talking drug dealer?" Appellant then moved for a mistrial on the grounds that the prosecution impermissibly placed his character

in evidence by using the "drug dealer" reference. The trial court responded by instructing the jury to disregard the question, admonishing the prosecuting attorney not to refer to appellant as a drug dealer, and denying the motion. Appellant asserts error in the trial court's failure to grant the motion.

"Where a motion for mistrial is made on the ground of inadmissible evidence illegally sought to be placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion and where timely and proper corrective measures are taken and the evidence [is] innocuous or equivocal, normally this court will find no abuse of discretion in denying a motion for mistrial. [Cit.] Under the facts of this case, we cannot conclude that a ruling in favor of a mistrial was demanded or warranted. [Cit.] We find no merit to this enumeration." *Porter v. State*, 163 Ga. App. 511 (2) (295 SE2d 179) (1982).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 19, 1984.

*Kenneth D. Feldman, J. Douglas Willix*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Fredric W. Tokars, Assistant District Attorneys*, for appellee.