Sognier, Judge.
Appellant, a 15-year-old juvenile, was adjudicated a delinquent after proof of an entry of the Gilmer County High School with intent to commit a felony therein.
1. Appellant contends error in the denial of his motion to dismiss based on double jeopardy. Appellant and three other youths burglarized the Gilmer County Grammar School early in the evening of December 6, 1983. Several hours later the same four boys burglarized *318 the Gilmer County High School. Appellant and two of the boys admitted burglarizing the grammar school and were adjudicated delinquents by the juvenile court of Gilmer County on December 8, 1983. At the same hearing two of the boys, not including appellant, admitted they also burglarized the high school and stated they were the only ones involved in the burglary. In January 1984 it was learned for the first time that appellant was also involved in the high school burglary and the petition in the instant case was filed. Appellant contends that the hearing on December 8, 1983 covered the same crimes based upon the same facts, and it was determined that appellant was not involved in the high school burglary; therefore, his hearing to determine delinquency in the instant case was barred by the provisions of OCGA § 16-1-8. This contention is without merit.
OCGA § 16-1-8 (b) provides, in pertinent part: “A prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been charged on the former prosecution . . ., or is for a crime which involves the same conduct . . .”
Clearly this provision of the code does not bar appellant’s prosecution for the offense charged here. At the time of appellant’s prosecution for burglary of the grammar school, law enforcement authorities had no evidence connecting appellant with the high school burglary, nor any other information or knowledge indicating that he was involved in that burglary. Thus, the high school burglary is not a crime of which appellant could have been convicted on the former prosecution, nor is it a crime with which appellant should have been charged on the former prosecution. Contrary to appellant’s contention, the hearing did not involve appellant’s participation in the. same crimes based upon the same facts, since he was not charged with burglary of the high school. Further, the two burglaries were separate offenses occurring at different times and places, requiring different proof for each offense. Ealey v. State, 139 Ga. App. 604, 605 (1) (229 SE2d 86) (1976). Thus, it was not error to deny the motion in bar of trial.
2. Appellant also contends error in the finding of delinquency based on the uncorroborated testimony of an accomplice. We hold otherwise.
The police chief testified that the high school was burglarized and a great deal of damage was done to the school, including vandalism in the lunchroom. One of appellant’s accomplices testified that he, appellant and two other boys entered the high school to get money, and appellant and one of the boys were throwing plates all *319 over the lunchroom. Money was taken from the coke machines, and a young woman testified that the four boys involved, including appellant, came to her house and were dividing the money in her bedroom. Slight evidence of appellant’s identity and participation from an extraneous source is all that is required to corroborate the accomplice’s testimony and thus support the verdict. Cummings v. State, 240 Ga. 104, 105 (239 SE2d 529) (1977).
3. Appellant next contends error in allowing the high school principal to remain at the hearing after appellant requested a hearing in privacy.
OCGA § 15-11-28 (c) provides, in pertinent part: “The general public shall be excluded from hearings involving delinquency .... Only the parties, their counsel, witnesses, persons accompanying a party for his assistance, and any other persons as the court finds have a proper interest in the proceeding . . . may be admitted by the court.” The school principal met three of these categories for admission to the hearing, as he was a witness; the prosecuting attorney stated he needed the principal’s assistance in the presentation of the State’s case; and the court found that the principal had a proper interest in the proceeding as several thousand dollars worth of damage had been done to the school. This code section (15-11-28 (c)) vests the juvenile judge with a broad discretion which this court has no right to control absent a manifest abuse of discretion. Land v. State, 101 Ga. App. 448, 449 (1) (114 SE2d 165) (1960); C. P. v. State, 167 Ga. App. 374, 375 (1) (306 SE2d 688) (1983). We find no abuse of discretion here.
4. Appellant contends the juvenile court erred by ordering appellant to make restitution for his share of the damages as a condition of probation. This contention is without merit.
OCGA § 17-14-5 (b) provides: “The juvenile courts are expressly authorized to order restitution as a condition or limitation of the probation of delinquent or unruly juveniles in the same manner as is authorized by this article for adult offenders.” OCGA § 17-14-3 authorizes restitution as a condition of probation for adult offenders. Hence, the court was specifically authorized by statute to order restitution as a condition of appellant’s probation and no error was committed.
5. Lastly, appellant contends error in the court’s denial of his motion for a continuance until a certified court reporter was available to record the hearing. This contention was decided adversely to appellant in D. C. v. State of Ga., 145 Ga. App. 868, 869 (1) (245 SE2d 26) (1978).

Judgment affirmed.

Deen, P. J., and McMurray, P. J., concur.

*320 Decided January 18, 1985.
J. W. Yarbrough, for appellant.
George W. Weaver, District Attorney, Brenda S. Thurman, Assistant District Attorney, for appellee.