## 71121. In the Interest of G. G.
### (341 SE2d 13)

Pope, Judge.

This is an appeal from an adjudication of delinquency on a charge of criminal damage to property in the second degree.

1. The adjudicatory hearing was held on January 10, 1985 and on February 7 the juvenile was adjudicated delinquent. A motion for vacation of the order was filed February 13 and denied February 14. The juvenile requested a polygraph examination and the trial judge deferred disposition until one could be administered. When the case was called for disposition on February 22, the juvenile's attorney reported that the results of the polygraph test were "inconclusive" and the juvenile was adjudicated delinquent. Notice of appeal therefrom was filed on March 19, which was within 30 days of the final dispositional hearing in accord with OCGA § 5-6-38. Consequently, the State's motion to dismiss it as untimely is denied. See *M. K. H. v. State of Ga.*, 132 Ga. App. 143 (207 SE2d 645) (1974).

2. Appellant contends that the State failed to prove venue because even though reference was made several times to the break-in and vandalism having occurred at Fort Hill Elementary School, there was no evidence that the alleged crime was committed in Whitfield County. We do not agree. It was shown that the Fort Hill Elementary School was part of the Dalton (Georgia) Public School System. OCGA § 24-1-4 provides that "[t]he existence and territorial extent of states, their forms of government . . . as well as the local divisions of our own state . . . shall be judicially recognized without the introduction of proof." Thus, judicial cognizance may be taken of the county of location of incorporated cities of this state. *Buice v. Satellite Security Corp.*, 156 Ga. App. 348 (1) (274 SE2d 608) (1980). See also *Williams v. DHR*, 150 Ga. App. 610 (1) (258 SE2d 288) (1979).

Nor are we persuaded by appellant's argument that since judicial notice is a "dispensation of one party from producing evidence," it must be specifically requested. See *Reserve Life Ins. Co. v. Peavy*, 98 Ga. App. 268 (7) (105 SE2d 465) (1958). That case in fact held that because judicial notice was not "invoked or suggested . . . the trial

judge, though perhaps he might, was not compelled to take notice. . . ." Id. at 273. In any event, appellant did not contest venue at trial, raising the issue for the first time on appeal, and there was no evidence to refute that the crime occurred in Whitfield County. "Venue may be proved by circumstantial evidence, and when there is nothing in the record to raise an inference to the contrary, slight evidence is sufficient to prove this element of the offense. [Cit.]" *Ross v. State*, 173 Ga. App. 313, 315 (7) (325 SE2d 919) (1985); *Taylor v. State*, 154 Ga. App. 279 (267 SE2d 891) (1980). We thus conclude that the judge did take notice that the school was located in Whitfield County and that venue was proven.

3. Appellant was adjudicated delinquent on the basis of having violated OCGA § 16-7-23 (1) (Ga. L. 1968, p. 1249, § 1), for intentionally damaging the property of another without his consent in an amount exceeding $100. He contends that the State failed to establish the amount of monetary damages, which is a necessary element of the offense. However, criminal trespass, which is a lesser included offense of criminal damage to property not requiring proof of damages, "is also a delinquent act under the Juvenile Court Code [OCGA § 15-11-2 (6)]. Therefore, the juvenile court's order adjudicating [appellant] delinquent can be affirmed." *J. B. L. v. State of Ga.*, 144 Ga. App. 223 (241 SE2d 40) (1977). Compare *Porter v. State*, 163 Ga. App. 511 (1) (295 SE2d 179) (1982).

4. Likewise without merit is appellant's contention that the testimony of an alleged accomplice, uncorroborated by any other evidence tending to link him to the crime charged, was insufficient to support the adjudication of delinquency. Assuming that OCGA § 24-4-8, providing that a person cannot be convicted of a felony solely upon the uncorroborated testimony of an accomplice, controls an adjudication of delinquency which under OCGA § 15-11-38 is not a conviction of a crime, there was nevertheless some corroboration of appellant's participation. A baseball with his first name on it was found in a classroom in which the window had been broken. The accomplice testified that he, appellant and another boy had committed the alleged acts and that appellant's participation included, among other things, throwing a baseball with his first name printed on it through a window at the school. "[A]s a matter of law, the corroborating evidence need only be slight to be sufficient. [Cit.] It may be circumstantial. [Cit.] It must be independent of the accomplice's testimony and probative of guilt. [Cits.] To be probative of guilt, the evidence must tend to prove the identity and participation of the accused. [Cit.]" *Harris v. State*, 165 Ga. App. 186 (299 SE2d 393) (1983). The evidence here was sufficient to support a finding of appellant's participation. *B. J. L. v. State of Ga.*, 173 Ga. App. 317 (2) (326 SE2d 519) (1985).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur. Deen, P. J., also concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, in reference to the use of the polygraph test, both the majority opinion's and the appellant's attorney's use of the word "inconclusive" warrants further comment.

The writer generally subscribes to the use of the word "inconclusive" employed by Justice Jordan, when dissenting in *State v. Chambers*, 240 Ga. 76, 81 (239 SE2d 324) (1977): "There is simply no 'lie detector,' machine or human. The first recorded lie detector test was in ancient India where a suspect was required to enter a darkened room and touch the tail of a donkey. If the donkey brayed when his tail was touched the suspect was declared guilty, otherwise he was released. Modern science has substituted a metal electronic box for the donkey but the results remain just as haphazard and *inconclusive*." (Emphasis supplied.)

DECIDED FEBRUARY 3, 1986.

E. Crawford McDonald, Nancy E. Bradshaw, for appellant.
Stephen A. Williams, District Attorney, Ralph M. Hinman III, Assistant District Attorney, for appellee.