A94A0513. IN THE INTEREST OF L. D. H., a child.
(444 SE2d 387)

COOPER, Judge.

The juvenile court found that L. D. H. committed the offense of murder and adjudicated him a delinquent. L. D. H. appeals from that order.

The transcript from the commitment hearing reveals that L. D. H. and the victim, both minors, argued during the day at a junior high school basketball game and discussed fighting. Later that night, after a birthday party at a local club, L. D. H. and the victim got into a fight during which the victim was stabbed and killed. Several witnesses testified that after the fight had broken up, they heard L. D. H. say either that he was going to "kill" or "cut" the victim. At least two witnesses heard L. D. H. say "I told you I was going to cut you."

A police officer responded to the scene and found the victim on the ground with a stab wound. The officer asked who did this, and L. D. H. stated that he did it. L. D. H. then gave the officer the knife. At trial, L. D. H. contended that he did not mean to cut the victim and that he only had the knife out to scare him.

1. L. D. H. first argues that the trial judge erred in allowing the mother of the victim to remain in the courtroom during the hearing. OCGA § 15-11-28 (c) provides: "The general public shall be excluded from hearings involving delinquency, deprivation, or unruliness. Only the parties, their counsel, witnesses, persons accompanying a party for his assistance, and any other persons as the court finds have a proper interest in the proceeding or in the work of the court may be admitted by the court. The court may temporarily exclude the child from the hearing except while allegations of his delinquency or unruly conduct are being heard." The trial judge found that the victim's mother had attended a previous hearing and was familiar with the case and that she had a proper interest in the proceedings. Consequently, the judge exercised his discretion and allowed the victim's mother to remain in the courtroom. OCGA § 15-11-28 (c) "vests the juvenile judge with a broad discretion which this court has no right to control absent a manifest abuse of discretion." (Citations omitted.) *B. J. L. v. State of Ga.*, 173 Ga. App. 317, 319 (3) (326 SE2d 519) (1985). We find no abuse of discretion.

2. In his second enumeration of error, L. D. H. argues that the trial court should have granted his motion for directed verdict. "There is no verdict in a bench trial. The issue, then, is simply whether the evidence met the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Citations and punctuation omitted.) *Daniels v. State*, 211 Ga. App. 23, 25 (2) (438 SE2d 99) (1993). We conclude the evidence was sufficient to enable a rational trier of fact to find L. D. H. guilty beyond a reasonable doubt.

3. L. D. H. contends in his third and fourth enumerations of error that the trial court erred in finding that he was guilty of murder instead of manslaughter. Specifically, L. D. H. argues that because the evidence shows that the victim was the aggressor in the alleged attack and provoked L. D. H. into the altercation, the trial judge should have found that he acted either in self-defense or that the accidental killing was manslaughter. "If malice is in the mind of the slayer at the moment the killing is done, and it moves him to do the killing, no matter how short a time it may have existed, such killing constitutes murder. The fact that the events happened quickly does not alter the sufficiency of the evidence." (Citation and punctuation omitted.) *Walker v. State*, 240 Ga. 608, 609 (1) (242 SE2d 118) (1978). There was evidence that L. D. H. had the requisite intent to kill the victim, and a rational trier of fact could have found L. D. H. guilty of murder

beyond a reasonable doubt.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 25, 1994.

Martin & Martin, Karen K. Martin, for appellant.

Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney, for appellee.