## A95A0456. ROBINSON v. THE STATE.
(459 SE2d 588)

RUFFIN, Judge.

John Robinson was indicted for aggravated assault but was convicted of criminal damage to property in the first degree as a lesser included offense. He appeals from the judgment entered on his conviction and sentence and the denial of his motion for new trial.

The pertinent evidence adduced at trial is as follows: As the victim was driving home from a nightclub in the early morning hours, he noticed two men in a blue Maxima following him to his apartment complex. When the victim reached the complex, he eluded the car and eventually returned to the nightclub. Robinson admitted being a passenger in a blue Maxima which went to the apartment complex at the approximate time described by the victim but denied following the victim. Robinson and the driver of the Maxima testified that the driver spotted two young women in the nightclub parking lot whom he thought he knew and that they followed the women to the complex. When they realized that the women were already accompanied by two men, they returned to the nightclub.

When the victim returned to the nightclub, he noticed the blue Maxima with the two men parked in the parking lot. He pulled up to the car and facing the passenger side, asked Robinson and the driver if he knew them. The victim testified that Robinson answered, "What's up?" in an aggressive tone. Robinson then got out of the Maxima revealing a gun at his side. He pointed the weapon downward and shot the victim's left rear tire. The victim denied ever threatening Robinson, and the driver of the Maxima testified that the victim approached them in a calm manner.

Robinson, however, testified that he told the victim that he did not know him and that the victim then wanted to know why they followed him. The victim became agitated, cursed at Robinson, and called him names. Robinson conceded that the victim remained in his car at all times, the car never got any closer, and the victim did not threaten him. Yet Robinson testified that he began to feel his life was in danger. He then retrieved his .357 magnum from under the passenger seat and got out of the car. He testified that the victim continued to argue with him even though the victim could see he had a weapon. Robinson admits then shooting the victim's left rear tire, contending that he did so because he felt his life was threatened. He stated that he intended to damage the tire but denied intending to scare the vic-

tim. Robinson and the driver then fled. Minutes later, they were arrested and brought back to the parking lot where the victim identified them.

1. Robinson enumerates as error the trial court's refusal to give his requested charge on criminal trespass as a lesser included offense of aggravated assault.

OCGA § 16-1-6 sets forth the standards for determining whether an offense is included in another as a matter of fact or as a matter of law. The standards are alternative and not conjunctive. As a matter of fact, a crime is included in another if "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1). A crime is included within another crime as a matter of law if "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6 (2). See generally *Teasley v. State*, 207 Ga. App. 719 (2) (429 SE2d 127) (1993).

"A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon . . . which, when used offensively *against a person*, is likely to or actually does result in serious bodily injury." (Emphasis supplied.) OCGA § 16-5-21 (a) (2). Criminal trespass is committed when one "intentionally damages any *property* of another without his consent and the damage thereto is $500.00 or less or [when he] knowingly and maliciously interferes with the possession or use of the *property* of another person without his consent." (Emphasis supplied.) OCGA § 16-7-21 (a). "Hence, the difference between the offenses does not lie in the degree of culpability required to establish the commission of each crime. . . ." *Stroud v. State*, 200 Ga. App. 387, 390 (1) (408 SE2d 175) (1991). Rather, these offenses differ in the classification of the interests that each statute seeks to protect — the person placed in reasonable apprehension of receiving serious bodily injury in the case of aggravated assault and the property of another in the case of criminal trespass. See id. Thus, criminal trespass is not a lesser included offense as a matter of law.

Furthermore, inasmuch as the indictment alleged Robinson "did unlawfully commit an assault upon the [victim] by shooting at, toward and in the direction of [the victim], a deadly weapon" and therefore did not require the State to prove Robinson interfered with the victim's property, criminal trespass is not a lesser included offense as a matter of fact. See id. Accordingly, the trial court did not err in refusing to charge the jury on criminal trespass.

2. Robinson also contends the evidence was insufficient to support a conviction because the evidence did not show that he shot a deadly weapon at, toward, and in the victim's direction as alleged in

the indictment. This contention is without merit as the evidence showed, and Robinson does not dispute, that he fired a .357 magnum and hit the rear tire on the driver's side of the victim's car as the victim sat in the driver's seat. The real problem with the conviction, however, is that although the evidence established the commission of criminal damage to property in the first degree beyond a reasonable doubt, that offense was neither charged in the indictment nor is it a lesser included offense of aggravated assault for the same reasons discussed in Division 1 — criminal damage to property in the first degree involves the deliberate and unauthorized interference with *property*. See OCGA § 16-7-22 (a) (1). Nonetheless, inasmuch as Robinson submitted a jury charge on criminal damage to property in the first degree, he induced the resulting conviction. Accordingly, the judgment entered on the conviction need not be reversed. See *Griffith v. State*, 188 Ga. App. 789 (374 SE2d 359) (1988).

*Judgment affirmed. Pope, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I agree that the conviction should be affirmed, but I do not concur fully in the analysis.

Robinson enumerates as error the court's refusal to charge any of his requested charges on criminal trespass. He sought, in the alternative, a charge on OCGA § 16-7-21 (a), a charge on OCGA § 16-7-21 (a) and (b) (1), or a charge on OCGA § 16-7-21 (a) and all of (b). Subsection (a) provides that "A person commits the offense of criminal trespass when he intentionally damages any property of another without his consent and the damage thereto is $500.00 or less, or knowingly and maliciously interferes with the possession or use of the property of another person without his consent."

He also requested a charge on OCGA § 16-7-22 (a) (1), one of the two manners of committing criminal damage to property in the first degree. The court gave this charge. The court also told the jury it was a lesser included offense of aggravated assault and that it could find defendant guilty of this lesser charge if it found him not guilty of aggravated assault but guilty beyond a reasonable doubt of criminal damage to property in the first degree. As stated in the majority opinion, he was convicted of this latter charge.

The question is whether Robinson was entitled to a charge on criminal trespass, in one of the forms submitted, as a lesser included offense of criminal damage to property in the first degree. He claims that the jury was deprived of the opportunity to consider his defense that, at the most, he intentionally shot the tire (valued at less than $500) without the owner's consent or, by shooting the tire, knowingly and maliciously interfered with the possession or use of the tire with-

out the owner's consent. He contends that his actions in the circumstances, plus the testimony of the victim that he was not "scared" and afterward complained that the tire was "busted," would entitle the jury to find him guilty only of criminal trespass.

Although I agree that criminal trespass is not a lesser included offense of aggravated assault, it is a lesser included offense of criminal damage to property in the first degree. *In the Interest of G. G.*, 177 Ga. App. 639, 640 (3) (341 SE2d 13) (1986). If a person intentionally damages another's property without his consent but does not do so in a way which endangers human life, the elements of criminal trespass will be present whereas those of criminal damage to property in the first degree will be wanting in some respect.

The prohibition against aggravated assault does indeed, as the majority states, protect the person whereas the prohibition against criminal trespass protects property. In this case, however, first degree criminal damage to property was introduced, and that prohibition embraces both. It is the human life aspect which raises the property crime to first degree. Compare OCGA § 16-7-23 (a). The Supreme Court of Georgia, in *Waugh v. State*, 263 Ga. 692 (437 SE2d 297) (1993), expressly did not hold that OCGA § 16-7-21 (a) cannot be a lesser included offense of OCGA § 16-7-22 (a) (1). It held that it was not included as a matter of fact in Waugh's case.

That is the situation here. The evidence showed aggravated assault on Andre Hasting by shooting a .357 magnum gun at a parked car in which he was the driver, or it showed interfering with the car in a manner which endangered human life, each with the requisite intent, or it showed no crime. Regardless of which version of the event was believed by the jury, the State's or defendant's, it did not constitute mere criminal trespass. Compare *Anglin v. State*, 182 Ga. App. 635, 637 (2) (356 SE2d 564) (1987), and authorities cited therein.

DECIDED JULY 13, 1995.

*Travis T. Vance III*, for appellant.
*Lewis R. Slaton, District Attorney, Penny A. Penn, Rebecca A. Keel, Assistant District Attorneys*, for appellee.

