A08A1771. IN THE INTEREST OF M. S., a child.
(671 SE2d 886)

PHIPPS, Judge.

In September 2007, eight-month-old M. S. sustained life-threatening injuries while in his father's care and control. Following a January 18, 2008 hearing on a deprivation petition filed by the Fulton County Department of Family and Children Services (DFCS), M. S. was adjudicated deprived and placed in DFCS's temporary custody. At the January 18 hearing, an assistant district attorney assigned to prosecute the father in a separate criminal case was present. Counsel for the father objected to the attorney's presence because it was a closed hearing. The juvenile court allowed the attorney to remain. On appeal, M. S.'s father challenges that ruling. Because the juvenile court did not abuse its discretion, we affirm.

The closed hearing rules of OCGA § 15-11-78 exclude the general public from deprivation hearings and pertinently provide that

---

"[o]nly the parties, their counsel, witnesses, persons accompanying a party for his or her assistance, and any other persons as the court finds have a proper interest in the proceeding or in the work of the court may be admitted by the court."[1] When counsel for M. S.'s father objected to the assistant district attorney's presence, the juvenile court ascertained that the child advocate appearing on M. S.'s behalf had no objection to the attorney's presence and allowed her to stay because doing so would not be detrimental to M. S.

OCGA § 15-11-78 vests the juvenile judge with a broad discretion that this court has no right to control, absent a manifest abuse of discretion.[2] The juvenile court did not abuse its discretion by allowing the assistant district attorney to remain in the courtroom for the January 18 hearing.[3]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED DECEMBER 31, 2008.

*Phillip Jackson*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Kathryn A. Fox, Assistant Attorney General, Lytia G. Brown*, for appellee.

---

[1] OCGA § 15-11-78 (a).

[2] *In the Interest of T. G. Y.*, 279 Ga. App. 449, 453 (2) (631 SE2d 467) (2006); see also *In the Interest of L. D. H.*, 213 Ga. App. 297, 298 (1) (444 SE2d 387) (1994).

[3] See *In the Interest of T. G. Y.*, supra (adoption caseworker allowed to remain in courtroom during termination of parental rights hearing).