39732.   CLEMENTS v. THE STATE.

DECIDED OCTOBER 8, 1962.

*Wesley R. Asinof,* for plaintiff in error.

*Paul Webb, Solicitor General, John I. Kelley, Solicitor, Robert F. O'Neil, Hinson McAuliffe, Eugene L. Tiller,* contra.

JORDAN, Judge. The sole assignment of error argued and insisted upon in this court by counsel for the defendant is that the State failed to prove that the offense of abandonment was com-

mitted in Fulton County, Georgia. The evidence adduced upon the trial of this case disclosed that the defendant and the mother of the child allegedly abandoned by the defendant lived at a named address in Fulton County, Georgia, from the date of their marriage in July, 1960, until November, 1960, when the defendant left the mother; and that the mother lived at the same address in Fulton County at the time of the trial. The evidence further showed that the child was born on February 17, 1961; that the child lived continuously with her mother from the time of her birth; and that the child had been in a dependent condition while living with the mother.

It is the contention of the counsel for the defendant that since there was no direct evidence that the mother had continuously lived in Fulton County from the time the defendant left her until the time of the trial during which period of time the child was born and had been in a dependent condition, the evidence was insufficient to establish the venue of the offense of abandonment as being in Fulton County, Georgia.

This contention is without merit. Venue may be proved by circumstantial evidence and when there is nothing in the record to raise an inference to the contrary, slight circumstances may be sufficient to prove such element of the offense. *Brooks v. State,* 98 Ga. App. 13 (104 SE2d 620). "Evidence as to venue, though slight, is sufficient where there is no conflicting evidence." *Climer v. State,* 204 Ga. 776 (2) (51 SE2d 802). The evidence in this case showing that the mother lived at a named address in Fulton County at the time the defendant left her and that she lived at the same address in Fulton County at the time of the trial, and there being no evidence in the record warranting even a bare conjecture that she had resided at some other place during the intervening period of time, the jury was fully authorized to infer from the above circumstances that the mother had lived continuously at the same address in Fulton County from the time the defendant left her until the time of the trial which interval necessarily included the time when the offense of abandonment was consummated. *Code* § 38-123.

Accordingly, the contention of the defendant that the State failed to establish the venue of this offense to be in Fulton

County is without merit and the Superior Court of Fulton County did not err in denying the petition for the writ of certiorari.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*