## 52576. WALKER v. THE STATE.

QUILLIAN, Judge.

The defendant appeals his conviction for burglary. *Held:*

1. It is contended that the defendant's identification by two witnesses was impermissibly tainted by an illegal show-up identification.

No objection was interposed in the trial court with regard to the error now urged. Moreover, the showup was not unnecessarily suggestive nor was there a likelihood of

misidentification. See Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401). The showup was an on the scene confrontation conducted as soon as possible after the offense. It occurred five minutes after the witnesses saw the accused fleeing the scene. As stated in Watson v. State, 349 A2d 738 (1975), it was an "immediate product of the offense and defendant's apprehension." Hence, "practicalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victim and suspect is essential both to law enforcement and to fairness toward innocent suspects." 349 A2d 740.

Under the circumstances here, we find that the show-up did not have the effect of nullifying the witnesses' identification of the defendant. This ground is without merit.

2. The evidence was sufficient to sustain the verdict.

3. A charge complained of which instructed the jury as to recent possession has, in substance, been approved by both this court and the Supreme Court. *McGinty v. State,* 134 Ga. App. 399, 403 (214 SE2d 678); *Workman v. State,* 137 Ga. App. 746, 748 (224 SE2d 757); *Aiken v. State,* 226 Ga. 840, 844 (178 SE2d 202).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 13, 1976 — DECIDED OCTOBER 1, 1976.

*Robert C. Ray,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Harvey Moskowitz, Assistant District Attorneys,* for appellee.