## 31514. JONES v. THE STATE.

UNDERCOFLER, Presiding Justice.

This appeal is from convictions for armed robbery, aggravated assault, kidnapping, motor vehicle theft and criminal attempt to commit burglary, all arising from the attempted burglary of a convenience store. We affirm.

The facts show appellant and a co-conspirator carried out a plan to rob the convenience store. They kidnapped an employee, using a shotgun. They drove him to a remote spot, tied him to a tree, removed the keys to the store from his pocket and took his car to return and enter the store to obtain the receipts. The victim broke loose from his bonds and called the sheriff, identifying the appellant and his co-conspirator. The sheriff told the victim his deputies were at the store in response to the ringing of the burglar alarm. The evidence showed the door, locked by the victim, was now open, the burglar alarm ringing, and no receipts taken. The co-conspirator fled to New Orleans in the victim's car and appellant followed him there. Later, he returned and surrendered to authorities.

1. Appellant moved to strike in-court identification testimony by the victim, charging such testimony was based upon a "tainted" pre-trial, one-on-one "show-up" at a preliminary hearing. There was no error in denying the motion. The facts show the victim based his in-court

identification testimony upon his observation during the events in question and upon his prior familiarity with the appellant. These facts were untainted, independent of the preliminary proceedings and were a proper base for the in-court identification. See Coleman v. Alabama, 399 U. S. 1 (1970) as cited in Neil v. Biggers, 409 U. S. 188, 197. See also *Griffin v. State,* 229 Ga. 165 (1) (190 SE2d 61) (1972); *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) (1974).

2. Upon conviction of the five crimes, appellant was sentenced as follows: armed robbery—12 years; aggravated assault—6 years; kidnapping—12 years, these three sentences to run concurrently. For motor vehicle theft and criminal attempt, appellant received two-year sentences to run concurrent with each other, but the motor vehicle theft to run consecutively with the armed robbery. The total consecutive sentence was 14 years.

Appellant argues the separate convictions for armed robbery, kidnapping, aggravated assault, motor vehicle theft, and criminal attempt to commit burglary was error because they arose out of the same conduct and same transaction and were included in each other as a matter of fact and as a matter of law.

We have thoroughly analyzed this argument in *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974). We find there was no evidence of violence or physical assault upon the victim during the commission of the crimes alleged, and without this fact, the proof of the crime of armed robbery included the crime of aggravated assault as a matter of fact. Likewise, proof of the crime of motor vehicle theft was included in the armed robbery. Code Ann. §§ 26-505 (a), 26-506 (a) (1); *State v. Estevez,* supra, at page 319.

The convictions and sentences for aggravated assault and motor vehicle theft must be vacated.

Kidnapping is a separate offense for which a separate conviction was authorized under the facts of this case. Code Ann. § 26-1311. Criminal attempt to commit burglary also requires facts in addition to those proven in establishing the other crimes. The testimony showed the co-conspirator told the victim they wanted the store's

money, not his, then, appellant took the keys to the store from the victim. There was evidence the front door of the store had been unlocked after having been locked by the employee when leaving that night. There was conflicting evidence that the burglar alarm had been set off which was resolved by the jury in favor of conviction for this offense. Code Ann. §§ 26-1001, 26-1004, 26-506 (a) (1), 26-505 (a).

3. In the remaining enumerations of error, appellant charges the court expressed an opinion as to the guilt of the appellant during a charge; refused to charge as requested in writing that the doctrine of continuity does not apply to criminal cases; that the charge, as given, on alibi shifted the burden of proof to appellant on that issue; that the state failed to prove use of an offensive weapon and failed to produce the weapon or account for its nonproduction; and challenged the weight and sufficiency of the evidence.

We have carefully reviewed these enumerations of error. They are without merit.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1976 — DECIDED DECEMBER 1, 1976.

*Findley & Callaway, William E. Callaway, Jr., James E. Findley,* for appellant.

*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn,* for appellee.

