## 32584. BURRELL v. THE STATE.

BOWLES, Justice.

The appellant, Charles H. Burrell, was indicted by the Sumter County grand jury for the offenses of armed robbery, possession of a firearm during commission of a felony and carrying a pistol without a license. After a jury trial, appellant was convicted on all three counts and sentenced to seven years in prison for armed robbery, two years probation for possession of a firearm, and twelve months probation for carrying a pistol without a license. In his appeal, the only error enumerated by appellant is the trial court's allowing an in-court identification of appellant, which allegedly had been tainted by an impermissibly suggestive photographic display. After reviewing the record, we affirm.

On January 14, 1977, the Kayo Oil Station and its attendant, A. J. Goodin, were robbed at gunpoint by two males. The police were called to the scene. They talked with Mr. Goodin, who gave the officers a description of the taller robber and stated to the officers that he recognized him as the man who had worked at the Kayo Station immediately preceding his employment there. Mr. Goodin described the defendant's automobile but could not, however, recall his name. The investigation further revealed that a car belonging to appellant was seen parked near the Kayo Station shortly before it was robbed.

Suspecting that appellant had been involved in the crime, the officers obtained a photograph of appellant from his wife and returned to the Kayo Station. Mr. Goodin reaffirmed his earlier belief that he would know the robber on sight because he had seen the man before. The officers then showed appellant's picture to Mr. Goodin who made a positive identification of the appellant as one of the men who had robbed him at gunpoint.

Appellant made a motion to suppress any in-court identification by the victim, alleging such identification was based upon a tainted pre-trial photographic display. The trial court denied the motion. We find no error.

The United States Supreme Court has recently held in a case involving an allegedly suggestive showing of a

single photograph to a victim, that reliability is the linchpin in determining the admissibility of identification testimony. Manson v. Brathwaite, 21 Crim. L. Rep. 3119 (Decided June 15, 1977). The facts in the case now before this court show that the victim based his in-court identification testimony upon his observation of appellant during the robbery and upon his earlier personal familiarity with appellant. His identification had an independent basis, other than the single photograph shown to him by the officers. We find, under these circumstances, that the identification testimony was reliable and admissible. *Jones v. State,* 238 Ga. 51 (230 SE2d 865) (1976) and cits.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED SEPTEMBER 28, 1977.

*Ellis, Ellis & Easterlin, Ben F. Easterlin, IV,* for appellant.

*Claude Morris, District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Assistant Attorney General,* for appellee.