## 55756. AMOSON v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for armed robbery.

1. Prior to trial the defendant moved to suppress any identification testimony which the victim might offer on the ground that the victim had previously identified him at a preliminary hearing at which he not been represented by counsel. It was not error to deny the motion.

The defendant relies on the recent United States Supreme Court case of Moore v. Illinois, 434 U. S. 220 (98 SC 458, 54 LE2d 424) (1977), wherein it was held that testimony regarding a one-on-one identification made at an uncounseled preliminary hearing is violative of a defendant's Sixth Amendment right to counsel, regardless of whether there is an "independent source" for the victim's identification at the confrontation. However, Moore is inapposite to the case before us for two reasons. In the first place, no testimony regarding the preliminary hearing was elicited by the state at trial. In the second place, the defendant refused an offer of counsel made to him at the preliminary hearing, as he was entitled to do. See *Williams v. Gooding,* 226 Ga. 549 (1) (176 SE2d 64) (1970).

It is not alleged that the preliminary hearing gave rise to a substantial likelihood of misidentification so as to be violative of the defendant's right to a fair trial. See Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972); *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) (1974); *Jones v. State,* 238 Ga. 51 (1) (230 SE2d 865) (1976); *Burrell v. State,* 239 Ga. 792 (239 SE2d 11) (1977).

Indeed, it appears from the record that the preliminary hearing played virtually no part in the identification process. The victim testified that he had a clear view of the defendant for approximately five minutes during the robbery, at which time he recognized the defendant as having been a frequent customer in his store over the preceding weeks. The defendant's arrest occurred several months later after the victim noticed him in a packed courtroom at a session of traffic court at which both happened to be in attendance. The identification subsequently made at the preliminary hearing was, under these circumstances, merely a formality.

2. It was not error to refuse to grant a mistrial after a police officer made a reference to the case for which the defendant had been in traffic court, stating that he was familiar with a person meeting the defendant's description "from a prior incident whose case came up in court the night [the victim] said he was in court." Even assuming arguendo that this statement showed the commission of a prior offense by the accused, it would not for that reason have been inadmissible. "[W]here evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime." *Barber v. State,* 142 Ga. App. 156 (235 SE2d 629) (1977).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED MAY 1, 1978 — DECIDED JULY 3, 1978.

*Larry D. Tew, Watson, Brown, Foster & Murphy, B. D. Murphy, III,* for appellant.

*Robert E. Keller, District Attorney, Harold G. Benefield, Assistant District Attorney,* for appellee.