## 61381. RAINEY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried (before the court without a jury, same having been waived), and convicted of the offense of armed robbery. Motion for new trial was filed and denied, and defendant appeals. *Held:*

1. Defendant's main defense was that of alibi. However, the trier of fact here could reasonably have found from the evidence adduced against defendant that he was guilty of the offense of armed

robbery beyond a reasonable doubt. *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706); *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916). After a careful review of the entire record and transcript we find and hold that the trial court as trier of fact did not err in finding defendant guilty of the offense of armed robbery and in denying the motion for new trial based on the general grounds. The evidence was sufficient to support the verdict of guilty. *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201).

2. The second enumeration of error complains that the trial court erred in allowing into evidence over defendant's objection the testimony of the victim with reference to a pre-trial identification. The victim testified that immediately after he was robbed he reported it to the police and while riding around the neighborhood with the officer he observed one of the persons who robbed him (the defendant here). While his description of the individuals involved was extremely general, nevertheless when the officer arrested the defendant the victim was then asked if this was one of them. His answer was in the affirmative. We do not find the confrontation immediately after the robbery was such a confrontation as to be so suggestive that it would lead to a very substantial likelihood that the victim would make a mistake in identifying this defendant. The case sub judice is entirely different on its facts from *Towns v. State,* 136 Ga. App. 467, 469 (221 SE2d 631), cited by the defendant.

3. The in-court identification by the victim as a witness was not improper, and the trial court did not err in allowing same in evidence. The victim testified that the defendant had a scar "by his eye" and still wore the same clothes when he pointed him out to the police officer that defendant wore when he committed the robbery and he was able to identify the defendant at that time. We find no reversible error in the in-court identification by reason of the victim's observation of the defendant as one of the robbers at the time of the robbery and immediately thereafter when he was arrested while he and the police officer were searching for him.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 30, 1981.

Sharon A. Shade, for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.