## 62786. BROWN v. THE STATE.

SOGNIER, Judge.
Brown was convicted on five counts of armed robbery.

1. Appellant contends the evidence was insufficient to support the verdict. However, the victims of the robberies identified Brown positively as one of the perpetrators of the robberies and such identification, together with the other evidence presented by the state, is more than sufficient to support the verdict. We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Further, the state's evidence was sufficient to justify a jury in finding that

appellant committed the robberies alleged, and did not demand a verdict of acquittal. Code § 27-1802; *Gregg v. State,* 233 Ga. 117, 123 (3) (210 SE2d 659) (1974). Thus, it was not error to deny appellant's motion for a directed verdict of acquittal.

2. Appellant's remaining enumerations of error relate to admission of testimony about photographs taken at the scene of appellant's apprehension and the testimony of a witness, Wayne Dodson, regarding identification of appellant. Appellant also contends it was error to permit an in-court identification of appellant based on an impermissibly suggestive photographic lineup.

(a) Wayne Dodson was on duty as assistant manager of an A & P grocery store that was robbed. About 30 to 45 minutes after the robbery appellant was apprehended, and Dodson was driven to the scene of the apprehension where he identified appellant positively as one of two persons who robbed the store. Appellant contends this procedure was unduly suggestive and any testimony by Dodson as to appellant's identification should have been suppressed. However, Dodson testified that his identification was based on what he observed while he was being robbed; that appellant was wearing the same clothing; and that his appearance had not changed in any way. In an almost identical factual situation we held: "[I]t (the identification) was an 'immediate product of the offense and defendant's apprehension.' Hence, 'practicalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victim and suspect is essential both to law enforcement and to fairness toward innocent suspects.' [Cit.]" *Walker v. State,* 139 Ga. App. 751, 752 (1) (229 SE2d 546) (1976). There appears no likelihood of misidentification under the circumstances of this case and Dodson was a victim of the crime; thus, it was not error to allow his in-court identification of appellant. *Rainey v. State,* 157 Ga. App. 301, 302 (2) (277 SE2d 296) (1981).

(b) In regard to photographs taken at the scene of appellant's apprehension, Dodson testified that he was present when the photographs were taken and that they accurately represented the conditions at the scene of apprehension. Although appellant contends a proper foundation was not laid, the quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter left within the discretion of the trial court. *Johnston v. State,* 232 Ga. 268, 270-271 (1) (206 SE2d 468) (1974). We find no abuse of discretion in admission of the photographs.

(c) Appellant presented no argument and cited no authority in his brief in support of Enumeration of Error 6. Accordingly, it is considered abandoned pursuant to Rule 15 (c) (2) of this court. Code §

24-3615 (c) (2).

3. In a supplemental brief filed by appellant pro se, he contends it was error to indict him on five counts of armed robbery because only two robberies occurred, namely, robbery of an A & P grocery store and a Big Star grocery store. This issue was not raised at trial, where appellant was represented by counsel, and matters not objected to at trial cannot be raised for the first time on appeal. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 25, 1982.

*Michael D. Sigler,* for appellant.

*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.