## 64475. HORTON v. THE STATE.

BIRDSONG, Judge.

Johnny Larry Horton was convicted of armed robbery and sentenced to serve twenty years. He brings this appeal enumerating four alleged errors. *Held:*

The evidence shows that in September, 1981 two black males drove up to a Magic Mart near Six Flags in a white Cadillac with a spare wheel kit on the trunk. One was dressed in white and the other in a red flowered shirt. The two men entered the Magic Mart and, when the store cleared, held pistols upon the two women employees of the store and removed approximately $490 from the cash register. The men then fled. An eyewitness next door saw a white Cadillac park in front of his store (located next door to the Magic Mart), and two black males exit and walk toward the Magic Mart. In a few minutes he observed the two men return to the car and drive away. Immediately after the car drove away, the manager of the Magic Mart ran up to the adjoining store and reported an armed robbery. A report was made to the police and a large number of police vehicles converged upon the area.

Approximately a mile from the scene of the robbery, a white Cadillac with a spare tire kit on the trunk and containing two black males was seen driving on I-20. Chase was given and after evasive action by the Cadillac, numerous police cars converged, sealing off the access roads where the Cadillac was seen. It was raining very hard. The road upon which the Cadillac drove away from I-20 changed from pavement to dirt. Because of the rain, the dirt portion had changed to mud; therefore, it was obvious the Cadillac had not driven onto the dirt portion and was still in the area under search. About two hours later, a black male dressed in white gym togs was observed alongside the road under surveillance. About half a block away, another black male was seen at a store dressed in a red shirt. These two men were taken into custody and a few minutes later, a white Cadillac, with a spare tire kit, was found parked nearby behind a house under construction. The two black men were transported back

to the Magic Mart where the two female employees and the owner of the adjacent store were asked if these suspects were the robbers. Each positively identified the two black males and each stated that the basis of the identification was the exposure they had had to the two men during the robbery about three hours earlier.

1. In his first enumeration of error, Horton complains that the post-robbery identification where only the two black males were exposed to the three eyewitnesses and each was asked if these two men were the robbers, was unduly suggestive and resulted in an irreparable misidentification. In addition Horton complains that he had asked for an attorney and the showup violated his rights because he was not represented by an attorney at the showup.

We reject this enumeration on both bases of the urged error. There is no constitutional right to counsel at a pre-indictment lineup. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411); *Dodson v. State,* 237 Ga. 607, 608 (229 SE2d 364). Moreover, under the exigencies of the circumstances of this case, we do not find the showup as being unnecessarily suggestive. The showup was an on-the-scene confrontation conducted as soon as possible after the offense. It was an immediate product of the offense and the defendants' apprehension. Practicalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victims and suspects is essential both to law enforcement and to fairness toward innocent suspects. *Walker v. State,* 139 Ga. App. 751, 752 (229 SE2d 546). The testimony makes it clear moreover that the showup played little or no part in the in-court identification. Each witness testified that the robbers' visage was fixed in their mind based upon the incident. See *Amoson v. State,* 146 Ga. App. 510, 511 (1) (246 SE2d 502). Reliability being the linchpin of identification, we have no hesitance in concluding that no substantive rights of the appellant Horton have been violated. See *Burrell v. State,* 239 Ga. 792, 793 (239 SE2d 11).

2. Appellant Horton also contends that the trial court erred in refusing to give a requested instruction on alibi. The basis for this contention is that appellant claims he was jogging and could not have committed the robbery two or three hours earlier. Appellant was only a short distance from the robbery and claimed that he had been jogging (in the rain) for about ten minutes in an area several miles from his home. Such testimony does not exclude the possibility of the defendant's presence at the robbery with respect to the time and place of the robbery. Under such circumstances, there is no error in not charging on the affirmative defense of alibi. *Bennett v. State,* 128 Ga. App. 260 (196 SE2d 413).

3. Likewise, we find no merit in appellant's two other enu-

merations of error.

a. In the absence of a time variance or confusion as to which one of two or more crimes charged is under discussion, it is not error to charge that if the jury finds that the crime was committed within four years of the date in the indictment and finds beyond a reasonable doubt the other essential elements of the crime charged, the jury may return a finding of guilty. *Reynolds v. State,* 147 Ga. App. 488, 490 (3b) (249 SE2d 305); *Caldwell v. State,* 139 Ga. App. 279 (2) (228 SE2d 219).

b. Lastly, we find no error in the denial of appellant's motion for a directed verdict of acquittal. Viewed in the light most favorable to the verdict, there was no evidence demanding such a verdict and there was ample evidence to support the verdict of the jury. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743); *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 20, 1982 —
REHEARING DENIED OCTOBER 8, 1982 —

*James R. Dollar, Jr.,* for appellant.
*William A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.