69635, 69636. ROSS v. THE STATE (two cases).
(325 SE2d 919)

BANKE, Chief Judge.

To an indictment charging him with burglary and aggravated assault, the appellant filed a special plea of insanity. By agreement of counsel, the issues of his competency to stand trial and his guilt or innocence of the charges were tried before the same jury, which found him competent to stand trial and returned a verdict of "guilty but mentally ill" as to both counts. He filed two separate notices of appeal from the denial of his motion for new trial. *Held*:

1. The court did not err in denying the appellant's motion to continue the trial on the insanity plea based on the absence of several subpoenaed defense witnesses, as there was no showing of the facts expected to be proved by the absent witnesses sufficient to establish whether their testimony would be material. See generally OCGA § 17-8-25. Instead, defense counsel merely stated that the witnesses would relate their observations of the appellant and his conduct, without in-

dicating the substance of those observations. Under such circumstances, the trial court's exercise of discretion in denying a continuance will not be disturbed. Accord *Alderman v. State*, 241 Ga. 496 (2) (246 SE2d 642) (1978); *Beasley v. State*, 115 Ga. App. 827 (1) (156 SE2d 128) (1967).

2. The appellant urges that the court erred in denying his motion for "individual sequestered voir dire" of the prospective jurors. A request to voir dire prospective jurors out of each other's presence addresses itself to the sound discretion of the trial court, even where it is shown that the jurors have been exposed to pre-trial publicity. See *Parham v. State*, 135 Ga. App. 315, 319 (4) (217 SE2d 493) (1975). See also *Whitlock v. State*, 230 Ga. 700, 705 (5) (198 SE2d 865) (1973). In the present case, no showing whatever was made to establish the necessity for a private examination of each prospective juror, and it necessarily follows that the trial court did not abuse its discretion in declining to order it.

3. The appellant contends that the trial court erred in denying his motions for an independent psychiatric examination at state expense and for "financial assistance" in securing expert testimony regarding his mental capacity. The trial court initially granted the motion for an independent psychiatric evaluation; however, the evaluation was conducted not by a psychiatrist but by a psychologist employed as Chief of Forensic Services at West Central Georgia Regional Hospital. The psychologist concluded that the appellant, though retarded, was aware of the nature of the proceedings against him and was competent to stand trial. The appellant then renewed his request for an independent examination by a psychiatrist, and the court denied the motion.

"The grant or denial of a motion for independent psychiatric evaluation lies within the discretion of the trial court and will not be overturned unless an abuse of discretion is shown. (Cits.)" *Messer v. State*, 247 Ga. 316, 319 (1) (276 SE2d 15) (1981). There has been no showing in this case that the psychologist who examined and evaluated the appellant pursuant to the court's original order was unqualified to render an expert opinion regarding his competency to stand trial. We accordingly hold that the trial court did not err in refusing to order a second evaluation or in refusing to provide the appellant with the financial resources to obtain a second evaluation on his own. Accord *Lynch v. State*, 164 Ga. App. 317 (1) (296 SE2d 179) (1982).

4. The court's action in instructing the jury at the close of the trial on the insanity plea regarding the consequences of their possible verdicts on the issue of the appellant's competency to stand trial did not constitute an impermissible expression of opinion as to the appellant's guilt or innocence or as to what had or had not been proved, so as to require reversal pursuant to OCGA § 17-8-55.

5. It is contended that the trial court erred in making certain unspecified comments throughout the guilt-innocence phase of the trial and in asking certain unspecified questions of the state witnesses and of the appellant. However, as we are not directed to the locations of the offending comments and questions in the transcript, these enumerations of error present nothing for review. See generally Court of Appeals Rule 15 (c) (3) (i & ii).

6. The appellant contends that the victim's in-court identification of the appellant should have been excluded on the ground that it was irreparably tainted by her prior identification of him at a "showup" conducted approximately 10 minutes after the offenses were committed, as he was seated in the back of a patrol car.

The victim's testimony was conflicting on the issue of whether she could actually identify the appellant as her assailant. Upon direct examination by the State, she maintained that she could do so, but upon cross-examination she made it clear that she had not actually seen her assailant's face at any time during the commission of the offenses and that her identification of him at trial was in fact based on his having been identified by another eyewitness to the offenses. Given the fact that the latter witness positively identified the appellant at trial and that there is nothing to cast doubt on the reliability of his testimony, we find it highly probable that the admission of the victim's identification testimony did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). Furthermore, on-the-scene identification confrontations between victims and suspects which are conducted soon after the commission of an offense have repeatedly been upheld as essential both to effective law enforcement and to fairness toward innocent suspects. See, e.g., *Horton v. State*, 163 Ga. App. 809, 810 (1) (295 SE2d 554) (1982); *Brown v. State*, 161 Ga. App. 55 (2) (a) (289 SE2d 9) (1982); *Walker v. State*, 139 Ga. App. 751, 752 (1) (229 SE2d 546) (1976).

7. The evidence was sufficient to establish venue in Butts County. Although there was no direct testimony that the offense had occurred there, the appellant testified that he lived with his mother in Butts County, and it was shown both that his mother's house could be seen from the victim's house and that only 10 minutes had transpired between the time the offense was committed and the time the police arrested the appellant at his mother's house and brought him to the victim's house. Venue may be proved by circumstantial evidence, and when there is nothing in the record to raise an inference to the contrary, slight evidence is sufficient to prove this element of the offense. *Clements v. State*, 106 Ga. App. 729 (128 SE2d 376) (1962).

8. The trial court did not err in refusing to charge on simple assault as a lesser included offense of aggravated assault, since the evidence was uncontroverted that a completed battery had been commit-

ted. See *Arnett v. State,* 245 Ga. 470 (2) (265 SE2d 771) (1980).

9. The enumerations of error dealing with the appellant's other requested charges are deemed abandoned for failure to provide supporting argument or citation of authority. See Court of Appeals Rule 15 (c) (2).

10. The appellant's contention that the court erred in instructing the jury that they could return a verdict of guilty but mentally ill is deemed waived by his failure either to raise or to reserve any objections to the charge, despite his having been invited by the court to do so at the completion of the charge. See *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855) (1980); *Morton v. State,* 168 Ga. App. 18 (4) (308 SE2d 41) (1983).

11. The court did not err in refusing to grant a new trial based on alleged newly discovered evidence, consisting of the testimony of the appellant's brother and sister to the effect that the appellant was suffering from serious mental problems for which he needed medical help. This testimony was merely corroborative of other evidence, including medical records, showing that the appellant had been hospitalized and treated for mental problems. Consequently, it did not warrant the grant of a new trial. See generally *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792) (1980).

12. The evidence did not demand a finding that the appellant was incompetent to stand trial, and the verdict of guilty but mentally ill was not inconsistent with the jury's rejection of his special plea of insanity.

13. The appellant's remaining enumerations of error have been carefully considered and determined to be without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 17, 1985.

*Denise F. Hemmann,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.