## 71368. SEYMOUR v. THE STATE.
### (340 SE2d 244)

CARLEY, Judge.

On January 28, 1985, a two-count indictment was filed against appellant. Count I alleged that, between the dates of December 25, 1982 and January 13, 1985, appellant had committed the crime of incest, "on various occasions," with his daughter. Count II alleged that, between the dates of December 25, 1982 and May 19, 1984, appellant also had "on various occasions" committed the crime of child molestation against the same daughter.

Appellant was tried before a jury and his daughter testified at trial. It was established that she had reached her fourteenth birthday on May 19, 1984, the date that had been specifically alleged in Count II as the end of the period during which she had been molested by appellant. Consistent with the allegations of Count II, the victim testified as to acts of molestation perpetrated by appellant prior to her fourteenth birthday. Consistent with the allegations of Count I, the victim also testified as to sexual intercourse with appellant occurring before and after her fourteenth birthday.

In its final jury charge, the trial court gave the following instruction: "[I]f you believe, beyond a reasonable doubt, that at any time within four years next [preceding] the date this bill of indictment was filed in this court, that this defendant did, in this county, commit *the crime of child molestation as charged in count two of the bill of indictment*, then you would be authorized to find the defendant guilty of that crime." (Emphasis supplied.) Appellant objected to this charge as "an incorrect statement of law. . . ." The jury returned a verdict of not guilty of incest but guilty of child molestation. Appellant appeals, enumerating as error only the giving of the above quoted charge.

"It is well settled in Georgia law that 'evidence of guilt is not restricted to the day mentioned in the indictment, but may extend to any day previous to the finding of the bill and within the statute of limitations for the prosecution of the offense.' [Cits.]" *Carpenter v. State*, 167 Ga. App. 634, 642 (307 SE2d 19) (1983), aff'd 252 Ga. 79 (310 SE2d 912) (1984). Appellant was indicted on January 28, 1985. Accordingly, he could have been found guilty based upon any act of child molestation against his daughter which had occurred within the preceding four-year period. However, not every act of sexual liberty taken with the victim during that four-year period would constitute the crime of child molestation. Appellant's criminal liability for the offense of child molestation against his daughter ended on May 19, 1984, when she attained the age of 14 years. OCGA § 16-6-4. Appellant contends, therefore, that the contested charge was erroneous because it instructed the jury that a guilty verdict for child molestation

could be based upon *any* act of sexual misconduct occurring within the four years preceding January 25, 1985, a period which included the time after, as well as before, the victim's fourteenth birthday.

However, the trial court did not instruct the jury that a verdict of guilty could be based upon any act of sexual contact between appellant and the victim during the preceding four-year period. The trial court did instruct the jury that it could return a verdict of guilty if it found, beyond a reasonable doubt, that appellant had, during the four-year period, committed "the crime of child molestation as charged in count two of the bill of indictment. . . ." The "crime of child molestation," exactly "as charged" in Count II of the instant indictment, was an allegation that, "between December 25, 1982 and *May 19, 1984*," appellant "unlawfully on various occasions, did an immoral act, to wit: fondled the sexual organs of [his daughter], *a child under 14 years of age*, with intent to satisfy the sexual desires of said accused. . . ." (Emphasis supplied.) In another portion of its charge, the trial court again instructed the jury that the offense of child molestation required a victim under the age of 14. As noted, the jury had heard testimony that the victim's fourteenth birthday was May 19, 1984. Accordingly, the charge as given was not erroneous. "In the absence of a time variance or confusion as to which one of two or more crimes charged is under discussion, it is not error to charge that if the jury finds that *the crime* was committed within four years of the date in the indictment and finds beyond a reasonable doubt the *other essential elements of the crime charged*, the jury may return a finding of guilty. [Cits.]" (Emphasis supplied.) *Horton v. State*, 163 Ga. App. 809, 811 (3a) (295 SE2d 554) (1982). It is clear that there was no "confusion" on the part of the jury in the instant case as between the crimes of child molestation and incest. The only sexual encounters with the victim alleged to have occurred after she was fourteen and about which any extensive testimony was given by her at trial, concerned completed acts of sexual intercourse. Appellant was acquitted of incest. The evidence of appellant's fondling of his daughter before her fourteenth birthday authorized the conviction for child molestation.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 28, 1986.

*H. Samuel Atkins, Jr.*, for appellant.
*Joseph H. Briley, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney*, for appellee.