## 72624. MANORA v. THE STATE.
(347 SE2d 727)

BANKE, Chief Judge.

The appellant and a co-defendant were jointly tried and convicted of the theft of some $1,500 in cash and checks from a Newton County convenience store.

Testimony presented by the state's witnesses authorized the jury to find that, after the appellant had distracted the store clerk by breaking a juice bottle on the floor, his co-defendant took two blue bank bags containing currency and checks from under a counter, following which both defendants quickly left the store, entered a red Monte Carlo, and fled. Descriptions of the suspects and their car were given to neighboring police who soon captured them following a high-speed chase. One of the pursuing officers saw a blue bag thrown from the window of the fleeing car; and both it and the other bank bag were retrieved from the side of the road along the route of the chase. The two suspects were then returned to the convenience store where

they were identified both by the store clerk, as well as by a customer who had witnessed them leaving the store. *Held*:

1. The evidence presented was sufficient to enable any rational trier of fact to find the appellant guilty of theft by taking beyond a reasonable doubt. See generally *Parker v. State*, 161 Ga. App. 478 (288 SE2d 297) (1982).

2. The trial court did not abuse its discretion in refusing to order a severance. See generally OCGA § 17-8-4; *Tanner v. State*, 176 Ga. App. 77, 78 (335 SE2d 133) (1985).

3. The appellant contends that the "show-up" identification conducted immediately after his arrest was unduly suggestive and that testimony concerning this identification should consequently have been excluded upon objection. This contention is without merit. " '[P]racticalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victim and suspect is essential both to law enforcement and to fairness toward innocent suspects.' [Cit.]" *Walker v. State*, 139 Ga. App. 751 (1) (229 SE2d 546) (1976). *Boyd v. State*, 168 Ga. App. 246 (2) (308 SE2d 626) (1983).

4. The appellant's contention that the trial court erred in failing to allow him additional peremptory strikes is without merit. Such a decision is addressed to the sound discretion of the trial court. See OCGA § 17-8-4. No abuse of that discretion has been established in the present case. Accord *Merrill v. State*, 130 Ga. App. 745 (3) (204 SE2d 632) (1974); *Ramsey v. State*, 165 Ga. App. 854 (1) (303 SE2d 32) (1983).

5. The trial court did not err in ruling that both defense counsel would have to make their opening statements at the same point in the trial; i.e., either prior to the presentation of the state's case or at its conclusion. The trial court has broad discretion in such matters, and " 'any exercise of such discretion will not be reversible error unless there is a clear showing of abuse of discretion or the defendant suffers some substantial injury.' [Cits.]." *Berryhill v. State*, 235 Ga. 549 (3) (221 SE2d 185) (1975). We find no suggestion of such injury in this case. Moreover, there having been no objection to the trial court's ruling in this regard, such objection cannot now be asserted. See *Sanders v. State*, 134 Ga. App. 825 (216 SE2d 371) (1975).

6. The appellant's contention that the trial court erred in failing to give one of his requests to charge is without merit, the court's charge as given having adequately covered the principle of law in question. See *Caldwell v. State*, 167 Ga. App. 692 (6) (307 SE2d 511) (1983).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 16, 1986.

*Dennis B. Dixon, Jr.*, for appellant.
*John M. Ott, District Attorney, Steven A. Hathorn, Assistant District Attorney*, for appellee.