76763. WILLIAMS v. THE STATE.
(373 SE2d 281)

McMurray, Presiding Judge.

Defendant was convicted of the offense of robbery. The evidence at trial was as follows:

At about 3:15 during the morning of July 19, 1986, the victim and her "four-year-old child . . ." drove into the "Racetrac filling station . . . ." on Jonesboro Road to purchase gasoline. After the victim fueled her vehicle, she entered her car and defendant approached the

driver's window and asked the victim for a ride. She refused and defendant displayed a knife, threatened the victim with a gun and demanded a ride. Again, the victim did not comply and defendant "climbed through the [car] window . . ." and attempted to gain control of the vehicle. During the struggle the victim "pulled the car in drive and . . . raced the motor . . . ," causing the vehicle to collide into a "pole" at the filling station. After the collision, defendant attempted to engage the vehicle's damaged engine and the victim tried to escape with her child. However, the car did not start and defendant grabbed the victim's purse, "waving the knife and he took off running."

Shortly thereafter, Officer G. H. Hooper of the Atlanta Police Department arrived at the scene, obtained a description of defendant and was directed to the area where defendant was observed fleeing. The officer began a vehicular surveillance and, after patrolling the area, spotted defendant "standing behind" a nearby "Spur service station," observed that defendant matched the description of the assailant and "noticed that [defendant] was sweating rather profusely . . ." Officer Hooper approached defendant, identified himself and requested defendant's identification. Defendant complied and Officer Hooper informed defendant that he matched the description of a man who had committed a robbery at the Racetrac filling station. Defendant denied involvement in the crime and agreed to accompany the officer back to the scene of the crime. After defendant returned with Officer Hooper, the victim immediately identified defendant as the perpetrator of the robbery. Defendant was then placed under arrest and a search of defendant at the scene revealed several items that were contained in the victim's purse. From this and other evidence adduced at trial, defendant was found guilty of the crime charged. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first contends the trial court erred in denying his motion to suppress, arguing that "there was no specific, reasonable and articulable facts to support Officer Hooper stopping and questioning [defendant]." We do not agree.

" 'It is clear that in cases where there are some reasonable articulable grounds for suspicion, the state's interest in the maintenance of community peace and security outweigh the momentary inconvenience and indignity of investigatory detention.' *Brisbane v. State*, 233 Ga. 339, 343 (211 SE2d 294). It is also clear that what is a 'reasonable articulable ground' for the detention may be less than probable cause to make an arrest or conduct a search, but must be more than mere caprice or arbitrary harassment. *Brisbane v. State*, 233 Ga. 339, 342, supra. Each case depends on its own facts. 'The point at which the routine protection of the public becomes an invasion of the

right of privacy of the individual must rest on the particular circumstances involved.' *Anderson v. State*, 123 Ga. App. 57, 61 (179 SE2d 286)." *Allen v. State*, 140 Ga. App. 828, 829 (1), 830 (232 SE2d 250).

In the case sub judice, Officer Hooper arrived at the scene less than an hour after the robbery, was given a general description of the perpetrator and was directed to the area where the perpetrator was observed fleeing the scene. No more than 20 minutes after Officer Hooper interviewed the victim, he observed defendant behind a filling station that was "a little better than a quarter of a mile" from the crime scene. Defendant was "sweating rather profusely . . ." and he matched the general description of the perpetrator given by the victim. Considering these specific and articulable facts and in light of the time and place in which defendant was observed, we find reasonable Officer Hooper's suspicion that defendant was involved in the robbery. Thus, the officer was authorized to stop defendant and briefly detain him for the purpose of further investigation. See *Butts v. State*, 149 Ga. App. 492 (2) (254 SE2d 719), and *Baker v. State*, 170 Ga. App. 700 (1) (318 SE2d 178). The trial court did not err in denying defendant's motion to suppress.

2. Next, defendant contends the "show-up" identification that was conducted less than two hours after the robbery was overly suggestive and violated his rights under the United States Constitution. This contention is without merit. " ' "(P)racticalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victim and suspect is essential both to law enforcement and to fairness toward innocent suspects." (Cit.)' *Walker v. State*, 139 Ga. App. 751 (1) (229 SE2d 546) (1976). *Boyd v. State*, 168 Ga. App. 246 (2) (308 SE2d 626) (1983)." *Manora v. State*, 179 Ga. App. 791, 792 (3) (347 SE2d 727). Moreover, considering the victim's opportunity to observe her assailant during the robbery and considering two eyewitnesses who corroborated the victim's identification of defendant as the perpetrator, we find that there was little likelihood of misidentification of defendant at the time of trial. *Callaway v. State*, 257 Ga. 12, 14 (3) (354 SE2d 118).

3. In his third enumeration of error, defendant contends the trial court erred in failing to grant his motion for continuance, arguing that he was prejudiced because "the assistant district attorney trying the case blatantly went against his pre-trial representation . . . as to which case [the State] was going to try [first]."

"Our Code provides that cases on the criminal docket shall be called in the order in which they stand on the docket 'or otherwise in the sound discretion of the Court.' Code Ann. § 27-1301 (Code § 27-1301) [now OCGA § 17-8-1]. This code section is 'directory and not mandatory . . .' *Rosenbrook v. State*, 78 Ga. 111 (2); *Barrentine v. State*, 136 Ga. App. 802 (3) (222 SE2d 103); *In re Pending Cases*,

*Augusta Judicial Circuit*, 234 Ga. 264, 268 (215 SE2d 473) (concurring opinion)." *Rogers v. State*, 155 Ga. App. 685 (1) (272 SE2d 549).

In the case sub judice, there is nothing for this court to review since there is no showing of the docket or where defendant's case was on the docket, or whether it was or was not called in its correct turn. "We will not presume error from a silent record. The defendant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. *Roach v. State*, 221 Ga. 783 (4) (147 SE2d 299)." *Rogers v. State*, 155 Ga. App. 685 (1), supra.

4. In his fourth enumeration of error, defendant contends the trial court erred in overruling his objection to the State's closing argument that "people like [defendant] is why you ladies can't walk out in the street at night." We do not agree. " 'Appeals to convict for the safety of the community have been upheld. See *Minor v. State*, 143 Ga. App. 457 (2) (238 SE2d 582) (1977) and cits.' *Whitaker v. State*, 246 Ga. 163, 167 (11) (269 SE2d 436) (1980). Moreover, the State ' "may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." (Cit.)' *Keys v. State*, 156 Ga. App. 553, 554 (275 SE2d 128) (1980)." *Nebbitt v. State*, 187 Ga. App. 265, 268 (4) (370 SE2d 1).

5. In his final enumeration of error, defendant contends the evidence was insufficient to support the jury's verdict. This argument is without merit. The evidence was sufficient to authorize the jury's finding that defendant was guilty beyond a reasonable doubt of robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 21, 1988.

*John A. Pickens*, for appellant.

*Lewis R. Slaton, District Attorney, R. Andrew Weathers, John M. Turner, Joseph J. Drolet, Assistant District Attorneys*, for appellee.