### 77031. SMITH v. THE STATE.
(375 SE2d 69)

POPE, Judge.

Defendant Derrick Smith appeals his conviction and sentence for the offense of aggravated assault.

1. In his seventh enumeration of error defendant asserts the general grounds. Construed so as to support the verdict, the evidence adduced at trial showed the following: The victim and approximately fifteen of his fraternity brothers were practicing a dance step for an upcoming show in a parking lot at or near the Georgia State University campus where they were students. The defendant and three companions walked by the students and started calling them names and throwing stones. The students tried to ignore the group but one of the stones hit the victim, who was standing in the front row, and he became angry and gave chase. Two of the victim's fraternity brothers ran after the victim. The victim said he turned a corner and saw the defendant and his friends standing on a median; the defendant was leaning against a light post and was pointing an object in the victim's

direction. The defendant fired two shots, the second of which ricocheted off a nearby pole and hit the victim. The victim stated that the defendant, who was dressed in a bright yellow shirt, had a distinctive haircut and was taller than his other companions, "stuck out like a sore thumb." The two fraternity brothers who ran after the victim also identified the defendant as having the gun and firing the shot that hit the victim. The officer of the Georgia State University Police Department who apprehended the defendant testified that he saw the defendant with the gun in his hand, but that the defendant handed it to one of his companions who threw it in the bushes and "took off running." The officer apprehended the defendant but his companions escaped.

Applying the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence was sufficient to enable a rational trier of fact to find the defendant guilty of the crime charged beyond a reasonable doubt. Accord *Johnson v. State*, 185 Ga. App. 167 (1) (363 SE2d 773) (1987).

2. Defendant also contends that the trial court erred in failing to instruct the jury that a reasonable doubt can arise from the lack of evidence presented at trial. However, the record reveals that the charge given was requested by the defendant; consequently, he cannot now assert the charge was erroneous. " 'Induced error is impermissible.' " *Farmer v. State*, 180 Ga. App. 720, 722 (350 SE2d 583) (1986); see also *Edwards v. State*, 235 Ga. 603 (2) (221 SE2d 28) (1975). Moreover, the charge adequately instructed the jury that the State had the burden of proving each essential element of the crime charged beyond a reasonable doubt. This enumeration affords no basis for reversal. Accord *Conklin v. State*, 254 Ga. 558 (6) (331 SE2d 532), cert. denied, 474 U. S. 1038 (1985); *Foster v. State*, 240 Ga. 858, 860 (242 SE2d 600) (1978).

3. Defendant next contends that the one-on-one show-up identification conducted at the scene of the crime immediately after his arrest and apprehension was unduly suggestive and prejudicial. We disagree. The record shows that the crime took place in a well-lighted area in the presence of several witnesses, all of whom expressed absolute certainty as to the identity of the defendant as the perpetrator of the crime. All the witnesses stated that the defendant was noticably taller than his companions and described him as wearing a bright yellow shirt and having a unique hairstyle. The identification occurred within minutes of the crime and the Georgia State officer who apprehended the defendant testified that he saw the gun in the defendant's hand. " '[O]ur appellate courts have consistently upheld the admission of in-court identifications when prior one-on-one showups are reasonably and fairly conducted at or near the time of the offense. (Cit).' . . . [Under the facts here, and] taking into consideration the

totality of the circumstances as outlined in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), and reiterated in *Burks v. State*, 174 Ga. App. 304 (329 SE2d 590) (1985), we find that the identification process falls within the sanctioned limits and that this enumeration is without merit." (Indention omitted.) *Bosworth v. State*, 178 Ga. App. 86, 87 (342 SE2d 22) (1986); accord *Manora v. State*, 179 Ga. App. 791 (3) (347 SE2d 727) (1986).

4. We also find no merit to defendant's assertion that the trial court erred in not giving his request to charge on identification in its entirety. "If the trial court gives a full and correct charge on an issue warranted by the evidence and covers the substance of what is requested, it is never error to decline to give the charge in the exact language requested." *Mathis v. State*, 184 Ga. App. 455, 457 (361 SE2d 856) (1987); accord *Daniels v. State*, 184 Ga. App. 689 (2) (362 SE2d 775) (1987).

5. Defendant contends that his trial counsel was ineffective. Although a hearing was held on this issue after the trial, a transcript of that hearing has never been made available to this court, despite appellate counsel's representation that the transcript would be forthcoming. Consequently, the only evidence we have concerning this enumeration is the trial court's order, in which the court made extensive findings concerning trial counsel's performance both prior to and during trial. Based on the record before us, we agree that defendant did not carry his burden of demonstrating ineffective assistance of counsel. Cf. *Weeks v. State*, 258 Ga. 662 (374 SE2d 532) (1988); *Pitts v. State*, 231 Ga. 638 (203 SE2d 515) (1974).

6. In his fifth enumeration of error defendant argues that the State made an improper and prejudicial statement to the jury during closing argument. " '(I)t has been held that, unless the court's attention is called to such improper argument and a ruling invoked upon the trial, it is too late to raise the point for the first time in a motion for new trial.' [Cit.] 'When an improper argument is made, whether substantive or procedural, opposing counsel has a duty to act by interposing an objection.' [Cit.]" *Williams v. State*, 251 Ga. 749, 801 (312 SE2d 40) (1983). Consequently, this enumeration is without merit.

7. Defendant also complains of the introduction of State's Exhibit Number 6, which was a photograph of the defendant taken shortly after the incident in question. Although defendant objected to the admission of the evidence, he did not state the basis of his objection at trial. " 'It is well settled in this state that while evidence may be subject to objection, yet if the only objection made was not properly sustainable or not made on the proper ground, no reversible error is committed by the trial court in allowing the evidence to be submitted to the jury. (Cit.) Thus what would perhaps otherwise be a valid

reason why evidence should not be admitted will not be considered on appeal unless that specific reason was urged below. (Cits.)' [Cit.]" *Thaxton v. State*, 184 Ga. App. 779, 781 (362 SE2d 510) (1987).

Moreover, we have examined defendant's contention that the photograph should not have been admitted on the basis of the testimony of the victim, and find it to be without merit. See generally *Farmer v. State*, supra at (2).

8. Defendant's final enumeration concerns evidence apparently sought to be admitted at the ineffective assistance of counsel hearing. However, as stated in Division 5, supra, that transcript has not been provided to this court. "Assertions of fact made in briefs of counsel but not supported by the trial record or transcript, as appropriate, do not constitute evidence which this court can consider on appeal." *Jones v. State*, 185 Ga. App. 595 (1) (365 SE2d 153) (1988).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 14, 1988.

John A. Pickens, for appellant.

Lewis R. Slaton, District Attorney, Richard E. Hicks, Doris L. Downs, Assistant District Attorneys, for appellee.